**Opinion issued August 26, 2021.**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-19-00995-CV

———————————

## RICHARD LUNA, Appellant

## V.

## ERIN A. JONES, M.D., AND VICTORIA WILLIAMS, N.P., Appellees

On Appeal from the 122nd District Court
Galveston County, Texas
Trial Court Case No. 18-CV-0928

## MEMORANDUM OPINION

Appellant Richard Luna filed this interlocutory appeal challenging the trial court's order dismissing with prejudice his claims against appellees Erin A. Jones, M.D. and Victoria Williams, N.P. Luna appeals the trial court's order granting appellees' (1) motion to dismiss all claims pursuant to Chapter 14 of the Texas Civil

Practice and Remedies Code, (2) motion to dismiss his tort claims against them for lack of jurisdiction under the Texas Tort Claims Act ("TTCA"), and (3) motion for summary judgment on Luna's 42 U.S.C. § 1983 claims.

We dismiss Luna's appeal for want of jurisdiction.

## Background

Luna is an inmate now housed at the Terrell Unit operated by the Texas Department of Criminal Justice ("TDCJ"). On October 6, 2016, Luna was transferred from TDCJ's Polunsky Unit to John Sealy Hospital—a hospital associated with the University of Texas Medical Branch ("UTMB")—where he was diagnosed with melanoma on his left great toe. Six days later, UTMB employees Douglas Scott Tyler, M.D. ("Tyler") and Linda G. Phillips, M.D. ("Phillips") amputated Luna's cancerous toe. According to Luna, state-issued soap was used to clean his open wound and Drs. Tyler and Phillips closed the wound or allowed the wound to be closed with part of the state-issued soap still inside.

Luna alleges his left leg was red and swollen for weeks after the surgery, and that he suffered recurring infections in his left foot. On June 12, 2017, Luna was transferred from the Carol Young Medical Facility to TDCJ's Terrell Unit, where he is now housed. Luna contends he was not provided a wheelchair when he arrived at the Terrell Unit forcing him to walk a quarter mile on his operated and wounded foot from the back gate of the unit to the main building.

2

Eight days later, on June 20, 2017, Luna, who was still in pain, went to the unit's main hall desk to ask for help. A correctional officer sent him to the infirmary where a nurse examined his foot. According to Luna, the nurse saw a bar of soap protruding from the area where his big toe had been amputated and told him she needed to show it to the medical provider. The nurse instructed Luna to file a specific form as a prerequisite for him to see a doctor. When Luna insisted that this was an emergency and he needed to see a doctor right away, the nurse reiterated that he had to submit the form first because it was a required practice at the Terrell Unit.

On June 26, 2017, provider Victoria Williams, N.P. ("Williams") examined Luna. Luna claims Williams denied his request to have his "leg flushed out," but prescribed him antibiotics and ordered that his foot be bandaged daily for fourteen days. Luna saw Williams again a couple of weeks later during which time she ordered another round of antibiotics and gave him a shower-shoe pass and shower pass.

On June 27, 2017, Luna filed a Step 1 grievance complaining about the quality of medical care Williams provided asserting she had been indifferent to his pain and suffering. He also requested someone to investigate the circumstances surrounding his surgery in June 2016, to determine who had left the bar of soap in his foot. His Step 1 grievance was denied on August 4, 2017. Unsatisfied, Luna filed a Step 2

3

grievance on August 13, 2017. The grievance program responded on August 18, 2017, informing Luna that it was deferring to its Step 1 response.

Luna contends that UTMB officials investigated his Step 1 and Step 2 grievances, including by interviewing him. He also claims that appellee Erin A. Jones, M.D. ("Jones"), whom Luna contends is the medical director "responsible for the policies under which prisoners are treated at the Terrell Unit," was personally informed of the events described in his grievances.

Luna, proceeding pro se, sued Jones, Williams, Tyler, and Philips asserting claims for "gross negligence" and violations of 42 U.S.C. § 1983 and the Texas Bill of Rights. He also requested unspecified "prospective injunctive relief," actual damages in the amount of $2,000,000, exemplary damages in the amount of $6,000,000 based on "gross negligence, malice, or fraud," and nominal damages in the amount of $5,000.[1] Tyler and Phillips, who performed the surgery on Luna's foot, have not been served with process and are not parties to this appeal.

Jones and Williams, the only defendants served in this case, filed a motion to dismiss pursuant to Chapter 14 of the Texas Civil Practice and Remedies Code,

---

[1] In his pleadings, Luna sets forth three causes of action: 42 U.S.C. § 1983, "Texas Bill of Rights," and gross negligence. He asserts these claims generally without making clear which claim he asserts against each individual defendant. In his prayer, Luna also seeks "prospective equitable relief to which Plaintiff may show himself entitled, particularly injunctive relief." There is no further indication concerning what specific injunctive relief Luna seeks or against whom.

4

motion to dismiss for lack of jurisdiction pursuant to the TTCA,[2] and motion for summary judgment on Luna's Section 1983 claim. Luna responded to the motion. In a single order, the trial court granted the combined motion and dismissed all of Luna's claims against Williams and Jones with prejudice. This appeal followed.

## Appellate Jurisdiction

"[C]ourts always have jurisdiction to determine their own jurisdiction." *Heckman v. Williamson Cty.*, 369 S.W.3d 137, 146 n.14 (Tex. 2012) (internal quotations omitted); *see also Royal Indep. Sch. Dist. v. Ragsdale*, 273 S.W.3d 759, 763 (Tex. App.—Houston [14th Dist.] 2008, no pet.) (holding that jurisdiction is fundamental in nature and cannot be ignored). An appellate court must determine, even *sua sponte*, the question of its jurisdiction; the lack of jurisdiction cannot be ignored simply because the parties do not raise the issue. *See Walker Sand, Inc. v. Baytown Asphalt Materials, Ltd.*, 95 S.W.3d 511, 514 (Tex. App.—Houston [1st Dist.] 2002, no pet.). Whether we have jurisdiction is a question of law, which we review de novo. *See Tex. A & M Univ. Sys. v. Koseoglu*, 233 S.W.3d 835, 840 (Tex. 2007). If this is an appeal over which we lack jurisdiction, we must dismiss it. *Ragsdale*, 273 S.W.3d at 763.

---

[2] Specifically, Jones and Williams sough to dismiss "Plaintiff's claims for medical negligence under 'Texas common law tort' for lack of jurisdiction" under the TTCA.

This Court has civil appellate jurisdiction over final judgments and interlocutory orders specifically authorized as appealable by statute. *See* TEX. CIV. PRAC. & REM. CODE §§ 51.012, 51.014(a); *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001); *see also Koseoglu*, 233 S.W.3d at 840. Generally, "[a] judgment is final for purposes of appeal if it disposes of all pending parties and claims in the record." *M.O. Dental Lab v. Rape*, 139 S.W.3d 671, 674 (Tex. 2004) (quoting *Lehmann*, 39 S.W.3d at 195). The Texas Supreme Court has recognized a limited exception to this general rule. A judgment that expressly disposes of only some defendants is still final for purposes of appeal if the remaining defendants have not been served with citation or filed answers, and nothing in the record reflects the plaintiff ever expected to obtain service on the remaining defendants. *See M.O. Dental Lab*, 139 S.W.3d at 674; *Youngstown Sheet & Tube Co. v. Penn*, 363 S.W.2d 230, 232 (Tex. 1962). "In these circumstances the case stands as if there had been a discontinuance as to [the unserved party], and the judgment is to be regarded as final for the purposes of appeal." *M.O. Dental Lab*, 139 S.W.3d at 674 (quoting *Penn*, 363 S.W.2d at 232) (alteration in original).

The trial court's order, which Luna appeals, disposed only of Luna's claims against Williams and Jones; it did not address Luna's claims against the two unserved defendants, Tyler and Philips. Luna first attempted to serve Tyler and Philips when he filed suit. When his initial efforts proved unsuccessful, he moved

6

for an alternative method of service six months before dismissal of his claims. Thus, the record reflects that Luna expected to complete service on Tyler and Phillips. Under these circumstances, we conclude the trial court's order is not final because it does not dispose of Luna's claims against those two unserved defendants. *See M.O. Dental Lab*, 139 S.W.3d at 674.

Interlocutory orders, such as the one before us, may be appealed only if a statute expressly provides appellate jurisdiction. We must "strictly apply statutes granting interlocutory appeals because they are a narrow exception to the general rule that interlocutory orders are not immediately appealable." *CMH Homes v. Perez*, 340 S.W.3d 444, 447–48 (Tex. 2011). Luna argues we have appellate jurisdiction under Texas Civil Practice and Remedies Code 51.014(a)(5) and (a)(8). For the reasons below, we conclude we lack jurisdiction over Luna's appeal.

## Chapter 14 of the Texas Civil Practice and Remedies Code

Williams and Jones sought dismissal of Luna's claims against them based on his alleged failure to exhaust his administrative remedies under Chapter 14 of the Texas Civil Practice and Remedies Code ("Chapter 14"). In his first issue, Luna argues the trial court erred by granting appellees' motion to dismiss his claims against them pursuant to Chapter 14.

Chapter 14 governs civil suits, other than suits brought under the Texas Family Code, filed by inmates in which the inmate claims indigence by filing an

7

affidavit or unsworn declaration of the inability to pay the court costs. *See* TEX. CIV. PRAC. & REM. CODE §§ 14.001–.014. This chapter imposes several procedural requirements that an inmate must satisfy to file suit without paying filing fees. *See id.* §§ 14.002(a), 14.004–.005. Failure to meet the procedural requirements will result in dismissal of an inmate's suit. Not only is there no statute authorizing an interlocutory appeal from an order dismissing an inmate's claims under Chapter 14, but Section 14.010(c) expressly prohibits such an appeal. *Id.* § 14.010(c) (stating order that dismisses claim "is not subject to interlocutory appeal by the inmate"). Thus, we lack jurisdiction over the portion of Luna's appeal challenging the trial court's dismissal of his claims under Chapter 14. *Id.*

### Texas Tort Claims Act

Williams and Jones moved to dismiss Luna's claims against them for medical negligence under "Texas common law tort" based on sovereign immunity pursuant to Sections 101.021 and 101.106(f) of the Texas Civil Practice & Remedies Code. TEX. CIV. PRAC. & REM. CODE §§ 101.021, 101.106(f). They argued that Luna's medical negligence claims do not fall within the limited statutory waiver of sovereign immunity set forth in Section 101.021.[3] *Id.* § 101.021. They also argued

---

[3] Specifically, Williams and Jones alleged:

> Plaintiff alleges gross negligence but fails to establish whom that claim is against. Plf's Original Pet. at 8. Nevertheless, Plaintiff's medical negligence claim does not fall within one of the limited waivers of sovereign immunity under the TTCA. His medical claim does not allege loss attributable to the

8

that "to the extent that Plaintiff alleges a cause of action against [appellees] in their individual capacities as employees of UTMB, the Court must dismiss them pursuant to Section 101.106(f) of the Texas Civil Practice & Remedies Code."

In his second issue, Luna argues the trial court erred by granting appellees' motion to dismiss his claims against Williams and Jones for lack of jurisdiction under the TTCA. He argues that he did not assert any tort claims against Williams and Jones and further that there are "two independent statutory waivers of immunity pled by Plaintiff."

Because the TTCA is the only, albeit limited, avenue for common-law recovery against the government, all tort theories alleged against a governmental unit, whether it is sued alone or together with its employees, are assumed to be "under [the Texas Tort Claims Act]" for purposes of Section 101.106. Section 101.106(f) states:

> If a suit is filed against an employee of a governmental unit based on conduct within the general scope of that employee's employment and if it could have been brought under this chapter against the governmental unit, the suit is considered to be against the employee in the employee's official capacity only. On the employee's motion, the suit against the employee shall be dismissed unless the plaintiff files

"operation or use of a motor-driven vehicle or motor-driven equipment" or "personal injury or death so caused by a condition or use of tangible personal or real property." Because Plaintiff's allegations do not set forth facts that properly fall within the limited waivers of sovereign immunity under the TTCA, this Court must dismiss this suit for lack of subject matter jurisdiction.

9

amended pleadings dismissing the employee and naming the governmental unit as defendant on or before the 30th day after the date the motion is filed.

*Id.* § 101.106(f); *Mission Consol. Indep. Sch. Dist. v. Garcia*, 253 S.W.3d 653, 659 (Tex. 2008). Thus, if a plaintiff chooses to sue only a governmental unit's employee, that employee—if he meets the requirements of Section 101.106(f)—can move to dismiss the lawsuit against him, forcing the plaintiff to amend his pleadings to sue only the employing governmental unit or face dismissal of his suit. *See id.* Section 51.014(8) of the Texas Civil Practice and Remedies Code authorizes a person to appeal from an interlocutory order of a district court that "grants or denies a plea to the jurisdiction by a governmental unit as that term is defined in Section 101.001." TEX. CIV. PRAC. & REM. CODE § 51.014(8).

Luna alleges in his petition that he is suing Williams and Jones, each in their "individual capacity for actions taken under color of law in [their] employment" with UTMB. The only tort claim asserted in his petition is a claim for gross negligence. Although he does not expressly identify the parties against whom he asserts the claim, Luna's petition suggests that his claim for "gross negligence" is only against Tyler and Phillips, the two unserved defendants. Luna pleaded "[g]ross negligence in leaving a bar of soap inside foot cavity after amputation of left great toe which soap caused Plaintiff to suffer excruciating pain for months after surgery, to decline physically, and to risk of his life" and he asserted a claim for exemplary damages

10

based on "Defendants' gross negligence, malice, or fraud." Luna alleges that Tyler and Phillips, who performed the amputation of his toe at John Sealy Hospital, "closed the wound or allowed the wound to be closed with part of the soap still inside." Luna also pleaded a statutory waiver of sovereign immunity under the TTCA for his gross negligence claim.[4] *See* TEX. CIV. PRAC. & REM. CODE § 101.021(2) (waiving immunity for claims seeking to impose liability for personal injury caused by use of tangible personal or real property).

It is undisputed that Williams and Jones were not involved with or otherwise implicated in Luna's medical care until after he was transferred to the Terrell Unit on June 12, 2017. Therefore, Luna's cause of action for gross negligence, as pleaded, was not asserted against either Williams or Jones. Luna confirms as much. In his appellate brief, he states that the "TTCA is not applicable here" and that his pleading "reflects that [he] did not plead a tort claim either against Defendant Jones or Williams."

Thus, because there are no tort claims asserted against Williams and Jones, the trial court's order dismissing Luna's claims against Williams and Jones is not an order of dismissal under the TTCA or one that granted "a plea to the jurisdiction by

---

[4]  We do not address the merits or viability of Luna's gross negligence claim.

11

a governmental unit as that term is defined in Section 101.001." We therefore lack jurisdiction to review Luna's appeal under Section 51.014(a)(8).[5]

## 42 U.S.C. § 1983

In his third issue, Luna argues the trial court erred by dismissing his 42 U.S.C. § 1983 claims against Jones and Williams. Luna alleges that appellees violated Section 1983 because they were deliberately indifferent to his "post-surgery pain which caused [him] to suffer excruciating pain for weeks after surgery, to decline physically, and to have his life placed at risk." *See* 42 U.S.C. § 1983 ("Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . .

---

[5] Luna's argument that he asserted two independent statutory waivers of immunity does not change our analysis. One of the statutory waivers he cites is his claim against Williams and Jones under Section 1983. As we note below, we lack jurisdiction to review the trial court's dismissal of that claim. Separately, Luna contends he also asserted a claim for equitable relief. Luna, however, does not contend that his equitable relief claim falls within the purview of the TTCA. To the contrary, he asserts that his claim for "prospective equitable relief to remedy Texas Constitutional violations qualify as not common-law tort claims that can be brought under the TTCA." Similarly, Appellees' motion to dismiss for lack of jurisdiction under the TTCA did not address Luna's request for prospective equitable relief. It only addressed Luna's "Texas common law torts." *Cf. Enriquez v. Orihuela*, No. 14-18-00147-CV, 2019 WL 6872946, at *10 (Tex. App.—Houston [14th Dist.] Dec. 17, 2019, pet. denied) (mem. op.) ("[T]he parties do not provide and we have not located any authority indicating that claims for prospective equitable relief to remedy Texas constitutional violations qualify as common-law tort claims that could be brought under the TTCA.") We thus construe the trial court's dismissal of Luna's equitable relief claim (to the extent asserted against Williams or Jones) as an order of dismissal based on appellees' Motion to Dismiss under Chapter 14 or its Motion for Summary Judgment, over which we lack interlocutory jurisdiction. We express no opinion on the merits of such claim or Luna's Section 1983 claim.

12

. to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . ."); *Estelle v. Getty*, 429 U.S. 97, 104 (1976) (deliberate indifference to serious medical needs of prisoners constitutes unnecessary and wanton infliction of pain proscribed by Eighth Amendment).

Jones and Williams filed a motion for summary judgment challenging the merits of Luna's Section 1983 claims and asserting their entitlement to qualified immunity. Qualified immunity is a personal defense that is not based on a governmental unit's immunity. *See Sanders–Burns v. City of Plano*, 594 F.3d 366, 371 (5th Cir. 2010) (stating that qualified immunity is "a defense that is only relevant to individual capacity claims"). Thus, the trial court's order dismissing Luna's Section 1983 claim cannot be one that "grant[ed] or denie[d] a plea to the jurisdiction by a governmental unit." *See* TEX. CIV. PRAC. & REM. CODE § 51.014(a)(8). For that reason, Luna's appeal of the trial court's ruling on his Section 1983 claim is not authorized by Section 51.014(a)(8) and we lack jurisdiction to review it. *See id.*; *see also Adams v. Harris Cty.*, No. 04-15-00287-CV, 2015 WL 8392426, at *4 (Tex. App.—San Antonio Dec. 9, 2015, pet. denied) (mem. op.) (dismissing for lack of

13

jurisdiction interlocutory appeal of grant of plea to jurisdiction of Section 1983 claim filed against appellate court clerk in his personal capacity).[6]

## Conclusion

We dismiss the appeal for want of jurisdiction.



Veronica Rivas-Molloy
Justice

Panel consists of Justices Goodman, Hightower, and Rivas-Molloy.

---

[6] Luna also argues we have jurisdiction over his appeal pursuant to Texas Civil Practice and Remedies Code Section 51.014(a)(5). Section 51.014(a)(5), however, only authorizes interlocutory appeals from orders *denying* a motion for summary judgment "that is based on an assertion of immunity by an individual who is an officer or employee of the state or a political subdivision of the state." *See* TEX. CIV. PRAC. & REM. CODE § 51.014(a)(5) (emphasis added). Because Luna is appealing the trial court's order *granting* appellees' combined motion to dismiss and for summary judgment, Section 51.014(a)(5) is inapplicable.