AL SCOGGINS, Justice
On January 23, 2018, the trial court signed an interlocutory order that: (1) declared appellant, John Margetis, a vexatious litigant; (2) required Margetis to post a $10,000 security for the benefit of appellee Bayview Loan Servicing, LLC; and (3)
*644 required that Margetis obtain permission from the applicable local administrative judge before filing any additional pro se litigation in the State of Texas. Thereafter, on February 26, 2018, the trial court entered findings of fact and conclusions of law. Margetis filed a pro se notice of appeal in the trial court on April 4, 2018, stating that he wished to appeal a "motion to dismiss."[1] On April 26, 2018, Bayview subsequently filed a motion to dismiss this appeal.[2]
It is well settled that appellate courts have jurisdiction over final judgments and interlocutory orders made appealable by statute. See Lehmann v. Har-Con Corp. , 39 S.W.3d 191, 195 (Tex. 2001) ; see also TEX. CIV. PRAC. & REM. CODE ANN. § 51.014 (West Supp. 2016) (authorizing appeals from certain interlocutory orders). The vexatious-litigant order entered by the trial court in this case is an interlocutory order because the claims asserted by the parties in the suit remain pending. See, e.g., Restrepo v. Alliance Riggers & Constructors, Ltd. , No. 08-15-00011-CV, 2015 WL 999950, 2015 Tex. App. LEXIS 2101 at *2 (Tex. App.-El Paso Mar. 4, 2015, no pet.) (mem. op.). Moreover, section 11.101(c) of the Civil Practice and Remedies Code authorizes an interlocutory appeal of a pre-filing order enjoining a vexatious litigant from filing new litigation without first obtaining permission. See TEX. CIV. PRAC. & REM. CODE ANN. § 11.101(c) (West 2017) ("A litigant may appeal from a prefiling order entered under Subsection (a) designating the person a vexatious litigant."). However, like other interlocutory appeals, this appeal is accelerated and must be filed within twenty days of the challenged order. See TEX. R. APP. P. 28.1 (providing that interlocutory appeals are accelerated); see also id. at R. 26.1(b) (stating that, in an accelerated appeal, the notice of appeal must be filed within twenty days after the judgment or order is signed).
As stated earlier, the trial court signed the complained-of order on January 23, 2018; however, Margetis did not file his pro se notice of appeal until April 4, 2018-more than twenty days after the trial court signed the complained-of order. Furthermore, it is of no consequence that Margetis requested findings of fact and conclusions of law because the filing of a motion for new trial, any other post-trial motion, or a request for findings of fact and conclusions of law does not extend the time to perfect an accelerated appeal. See id. at R. 28.1(b) ; see also Restrepo , 2015 WL 999950, at *1-2, 2015 Tex. App. LEXIS 2101, at **3-4. Because Margetis did not file his pro se notice of appeal within the time specified by the Texas Rules of Appellate Procedure, this Court does not have jurisdiction over Margetis's appeal of the trial court's order finding him to be vexatious.
And to the extent that Margetis complains about the trial court's order expunging lis pendens, we note that this is an interlocutory order not made appealable by statute. See, e.g., Smith v. Schwartz , No. 02-15-00146-CV, 2015 WL 3645862, 2015 Tex. App. LEXIS 5944 (Tex. App.-Fort Worth June 11, 2015, no pet.) (mem. op.) (per curiam) ("[W]e find no statutory authority for an appeal of an interlocutory order expunging notices of lis *645 pendens."); Casmir v. Frontera Energy, LLC , No. 14-12-00023-CV, 2012 WL 8015783 at *1, 2012 Tex. App. LEXIS 1225 at *1 (Tex. App.-Houston [14th Dist.] Feb. 16, 2012, no pet.) (mem. op.) (per curiam) (dismissing an appeal from an order expunging lis pendens); Marks v. Starratt , No. 14-09-00269-CV, 2009 WL 1312180, 2009 Tex. App. LEXIS 3256 (Tex. App.-Houston [14th Dist.] May 7, 2009, no pet.) (mem. op.) (per curiam) (dismissing an appeal for lack of jurisdiction because no statute allows an appeal from an interlocutory order cancelling a lis pendens). Therefore, because there is no statutory authority for an appeal of an interlocutory order expunging notices of lis pendens, we do not have jurisdiction over this complaint. See Lehmann , 39 S.W.3d at 195 ; see also Smith , 2015 WL 3645862, at *1, 2015 Tex. App. LEXIS 5944, at **1-2 ; Casmir , 2012 WL 8015783, at *1, 2012 Tex. App. LEXIS 1225, at *1 ; Marks , 2009 WL 1312180, at *1, 2009 Tex. App. LEXIS 3256, at **2-3. Therefore, based on the foregoing, we dismiss this appeal for lack of jurisdiction.

As the trial court's January 23, 2018 judgment is the only potentially appealable order in this case, we construe Margetis's pro se notice of appeal as seeking to appeal the trial court's January 23, 2018 judgment. Margetis has not directed us to any motion to dismiss in the record.

In light of our disposition, we dismiss all pending motions as moot.