

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| ZACHARIAH C. MANNING, | § | |
| Appellant, | § | No. 08-20-00210-CV |
| v. | § | Appeal from the |
| DALLAS INDEPENDENT SCHOOL DISTRICT, | § | 116th District Court |
| Appellee. | § | of Dallas County, Texas[1] |
| | § | (TC# DC-20-04920) |
| | § | |

## MEMORANDUM OPINION

Appellant Zachariah C. Manning, pro se, has filed a notice of restricted appeal from the trial court's order granting Appellee Dallas Independent School District's plea to the jurisdiction. Because Appellant has not complied with the statute governing vexatious litigants or filed this appeal timely, we dismiss the appeal. *See generally* TEX. CIV. PRAC. & REM. CODE ANN. §§ 11.001-.104; *Potts v. Burger*, No. 01-14-00909-CV, 2015 WL 222125, at *1 (Tex.App.--Houston [1st Dist.] Jan. 15, 2015, no pet.)(mem. op.).

---

[1] We hear this case on transfer from the Fifth Court of Appeals in Dallas and apply that court's precedent where our precedent would otherwise be inconsistent. *See* TEX. R. APP. P. 41.3.

"A court may, on its own motion or the motion of any party, enter an order prohibiting a person from filing, pro se, a new litigation in a court to which the order applies . . . if the court finds, after notice and hearing . . . that the person is a vexatious litigant." TEX. CIV. PRAC. & REM. CODE ANN. § 11.101(a). A vexatious litigant order signed by a district court applies to every court in the State of Texas. *Id.* §11.101(e). The Clerk of this Court may not file an appeal presented by a vexatious litigant subject to a pre-filing order under Section 11.101 unless the litigant obtains an order from the appropriate local administrative judge permitting the filing. *See id*. §§ 11.103(a) (setting out duties of clerks of court), & 11.102 (providing avenue to obtain permission for new filings from administrative judge); *see also Potts*, 2015 WL 222125, at *1.

If the Clerk mistakenly files litigation presented, pro se, by a vexatious litigant subject to a pre-filing order without an order from the appropriate local administrative judge, any party may file with the Clerk and serve on the plaintiff and the other parties to the litigation a notice stating that the plaintiff is a vexatious litigant required to obtain permission under Section 11.102 to file litigation. TEX. CIV. PRAC. & REM. CODE ANN. § 11.1035(a). Not later than the next business day after the date the Clerk receives notice that a vexatious litigant subject to a pre-filing order has filed, pro se, litigation without obtaining an order from the appropriate local administrative judge, the Court shall immediately stay the litigation and shall dismiss the litigation unless the plaintiff, not later than the 10th day after the date the notice is filed, obtains an order from the appropriate local administrative judge permitting the filing of the litigation. *Id*. § 11.1035(b).

The Office of Court Administration of the Texas Judicial System (OCA) is required to post a list of vexatious litigants subject to pre-filing orders on its website. *See id*. § 11.104(b). The OCA website reflects that on July 31, 2020, the 116th District Court of Dallas County entered an order in *Zachariah C. Manning v. Dallas Independent School District*, Trial Cause No. DC-20-04920,

2

declaring Manning to be a vexatious litigant and subjecting him to the pre-filing requirements of Section 11.101 Accordingly, Manning, as the subject of a Section 11.101 pre-clearance order, was required to first obtain the permission of the local administrative judge before filing this appeal.

The record reflects that Manning did not seek the permission of the local administrative judge before initiating this appeal from the trial court's final judgment. The Clerk of the Fifth Court of Appeals in Dallas docketed this appeal on October 8, 2020. This case was subsequently transferred to this Court under a docket equalization order on October 13, 2020. On October 26, 2020, Appellee Dallas Independent School District notified this Court that Manning was subject to a vexatious litigant order and asked this Court to stay proceedings as required under TEX. CIV. PRAC. & REM. CODE ANN. § 11.1035. On October 27, 2020, we granted the stay as required by statute and directed Manning to, within ten days, file a response explaining why his filing of a notice of appeal did violate the trial court's vexatious litigant order, and stating that a failure to file a response that adequately explained the discrepancy would result in further action from this Court, including dismissal if necessary.

In a short response, Manning indicated that although his notice of appeal indicated that he wished to challenge all aspects of the trial court's final judgment, he was actually attempting to appeal the vexatious litigant order itself. While we lack jurisdiction over the final judgment by virtue of Manning's failure to obtain permission from the local administrative judge before filing this appeal, *see Potts,* 2015 WL 222125, at *1, appellate review of a Section 11.101(c) vexatious litigant order is authorized under TEX. CIV. PRAC. & REM. CODE ANN. § 11.101(c). That said, a Section 11.101 vexatious litigant pre-clearance order is an interlocutory order, and interlocutory appeals from Section 11.101 vexatious litigant pre-clearance orders are accelerated appeals subject to the same time deadlines as other interlocutory appeals. *See Margetis v. Bayview Loan Serv.,*

3

*L.L.C.*, 553 S.W.3d 643, 644 (Tex.App.--Waco 2018, no pet.); *Restrepo v. Alliance Riggers & Constr.*, No. 08–15–00011–CV, 2015 WL 999950, at *2 (Tex.App.--El Paso Mar. 4, 2015, no pet.)(mem. op.).

A notice of appeal from an interlocutory order is due within 20 days of the order's issuance. *See* TEX. R. APP. P. 26.1(b). Here, the trial court entered the vexatious litigant order on July 31, 2020. Any appeal from this order was due within 20 days. *See Margetis*, 553 S.W.3d at 644; *Restrepo*, 2015 WL 999950, at *2. Appellant did not file a notice of appeal in this case until October 8, 2020, which is past the deadline for an interlocutory appeal under Rule 26.1(b). As such, we lack jurisdiction to review the propriety of the vexatious litigant order on direct appeal because the time period to appeal the trial court's interlocutory vexatious litigant order has since expired. To the extent Manning is attempting to challenge the vexatious litigant order by restricted appeal, a restricted appeal may not be taken from a vexatious litigant interlocutory order after the time period for filing an interlocutory appeal has expired. *See Huett v. Lloyd*, No. 01-13-00420-CV, 2014 WL 1803236, at *1 (Tex.App.--Houston [1st Dist.] May 6, 2014, no pet.)(mem. op.)(no restricted appeals authorized from interlocutory orders); *Standifer v. Cepeda*, No. 05–05–00725–CV, 2005 WL 2212291, at *2 (Tex.App.--Dallas Sept. 13, 2005, no pet.)(mem. op.).[2]

Because we lack jurisdiction over the merits of the final judgment due to the pre-clearance order and lack of proof showing the local administrative judge authorized this litigation, and because the time to appeal the merits of the vexatious litigant order has expired, this appeal is hereby dismissed.

---

[2] Additionally, to be entitled to a restricted appeal, the appellant must show he was a party who did not participate— either in person or through counsel—in the hearing that resulted in the judgment complained of and who did not timely file a postjudgment motion or request for findings of fact or conclusions of law, or a notice of appeal within the time permitted by Rule 26.1(a). *See* TEX. R. APP. P. 30. Manning does not allege that he did not participate in the hearing that resulted in the vexatious litigant order, and the record before us does not support grounds for a restricted appeal.

GINA M. PALAFOX, Justice

February 3, 2021

Before Rodriguez, C.J., Palafox, and Alley, JJ.