

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-21-00027-CV
_____

ROBERT MICHAEL PHILIPPS, APPELLANT

V.

CYNTHIA JANE JACKSON AND WADE JACKSON, APPELLEES

On Appeal from the 181st District Court
Randall County, Texas
Trial Court No. 78,523-B, Honorable Titiana Frausto, Presiding

February 24, 2021

## MEMORANDUM OPINION

Before QUINN, C.J., and PARKER and DOSS, JJ.

Appellant Robert Michael Philipps, proceeding pro se, appeals from the trial court's order expunging a lis pendens. We dismiss the appeal for want of jurisdiction.

Generally, appellate courts only have jurisdiction over final judgments. *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). A judgment is final for purposes of appeal if it disposes of all pending parties and claims. *Id.* We have jurisdiction to consider immediate appeals of interlocutory orders only if a statute explicitly provides appellate jurisdiction. *Stary v. DeBord*, 967 S.W.2d 352, 352–53 (Tex. 1998). An order cancelling

a lis pendens is neither a final judgment nor an interlocutory order made immediately appealable by statute.  *Margetis v. Bayview Loan Servicing, LLC*, 553 S.W.3d 643, 644–45 (Tex. App.—Waco 2018, no pet.); *Smith v. Schwartz*, No. 02-15-00146-CV, 2015 Tex. App. LEXIS 5944, at *1–2 (Tex. App.—Fort Worth June 11, 2015, no pet.) (per curiam) (mem. op.) (stating that "we find no statutory authority for an appeal of an interlocutory order expunging notices of lis pendens."); *Casmir v. Frontera Energy, LLC*, No. 14-12-00023-CV, 2012 Tex. App. LEXIS 1225, at *1 (Tex. App.—Houston [14th Dist.] Feb. 16, 2012, no pet.) (per curiam) (mem. op.) (dismissing an appeal from an order expunging a lis pendens).

Questioning whether we had jurisdiction over the appeal, we notified Philipps of our concern and directed him to explain in writing why jurisdiction exists.  His reply was due no later than February 11, 2021.  To date, Philipps has not replied or otherwise attempted to explain how we have jurisdiction over this appeal.

Accordingly, we dismiss this appeal for want of jurisdiction.


Per Curiam