

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-21-00005-CV

IN THE ESTATE OF PARIS ALFRED MIMS, JR., DECEASED

On Appeal from the County Court at Law
Walker County, Texas
Trial Court No. 9283PR

Before Morriss, C.J., Burgess and Stevens, JJ.
Memorandum Opinion by Justice Stevens

MEMORANDUM OPINION

Shane Robinson has appealed the trial court's November 10, 2020, order denying Robinson's motion to remove the independent executor of the Estate of Paris Alfred Mims, Jr. The clerk's record in the referenced matter was filed on January 29, 2021.[1] Upon review of the record, we noted a potential defect in the Court's jurisdiction over this appeal.

"It is well settled that appellate courts have jurisdiction over final judgments and interlocutory orders made appealable by statute." *Margetis v. Bayview Loan Servicing, LLC*, 553 S.W.3d 643, 644 (Tex. App.—Waco 2018, no pet.) (citing *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001); *see* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014). "A judgment is final for purposes of appeal if it disposes of all pending parties and claims." *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). "Only one final judgment shall be rendered in any cause except where it is otherwise specially provided by law." TEX. R. CIV. P. 301. "Probate proceedings are an exception to the 'one final judgment' rule." *Smith v. OXY USA WTP LP*, No. 10-13-00290-CV, 2014 WL 1272472, at *1 (Tex. App.—Waco Mar. 27, 2014, no pet.) (mem. op.) (quoting *Lehmann*, 39 S.W.3d at 195). "A final order issued by a probate court is appealable to the court of appeals." TEX. EST. CODE ANN. § 32.001(c). The Texas Supreme Court has adopted the following test to determine when a court order in a decedent's estate is final and appealable:

---

[1]Originally appealed to the Tenth Court of Appeals in Waco, this case was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. *See* TEX. GOV'T CODE ANN. § 73.001. We are unaware of any conflict between precedent of the Tenth Court of Appeals and that of this Court on any relevant issue. *See* TEX. R. APP. P. 41.3.

2

> If there is an express statute, such as the one for the complete heirship judgment, declaring the phase of the probate proceedings to be final and appealable, that statute controls. Otherwise, if there is a proceeding of which the order in question may logically be considered a part, but one or more pleadings also part of that proceeding raise issues or parties not disposed of, then the probate order is interlocutory.

*De Ayala v. Mackie*, 193 S.W.3d 575, 578 (Tex. 2006) (quoting *Crowson v. Wakeham*, 897 S.W.2d 779, 783 (Tex.1995)).

There is no statute that declares an order refusing to remove an executor to be final and appealable. *Estate of Easley*, No. 07-15-00378-CV, 2017 WL 764603, at \*2 (Tex. App.—Amarillo Feb. 24, 2017, no pet.) (mem. op.) (citing *Settle v. Robert*, Nos. 14-07-00675-CV, 14-08-00250-CV, 14-09-00566-CV, 2010 WL 3583173, at \*2 (Tex. App.—Houston [14th Dist.] Sept. 16, 2010, no pet.) (mem. op.)); *see De Ayala*, 193 S.W.3d at 579–80. In *De Ayala*, the court held that, "[b]ecause an order denying a plea to the jurisdiction and refusing to remove an executor does not end a phase of the proceedings, but sets the stage for the resolution of all proceedings, the order is interlocutory." *De Ayala*, 193 S.W.3d at 579. "Moreover, under *Crowson* [*v. Wakeham*, 897 S.W.2d 779, 783 (Tex. 1995)]," a probate court order is interlocutory when it does "not dispose of all parties or issues in a particular phase of the proceedings." *De Ayala*, 193 S.W.3d at 579.

In this case, the order in question denied Robinson's motion to remove the executor of Mims's estate. In connection with responding to Robinson's motion, the executor sought an award of necessary expenses and reasonable attorney fees. The trial court's order did not dispose of that request. The order, therefore, does not appear to be a final, appealable order.

By letter dated January 29, 2021, we notified Robinson of this potential jurisdictional defect and afforded him the opportunity to demonstrate the appellate court's jurisdiction over the appeal, notwithstanding the noted defect. Robinson filed a response to our letter as did the executor of Mims's estate. Robinson's response failed to convince this Court that it has jurisdiction over this attempted appeal.

We find that the trial court's November 10, 2020, order was not final and appealable. Consequently, we are without jurisdiction over this appeal. We, therefore, dismiss this appeal for want of jurisdiction.


Scott E. Stevens
Justice

Date Submitted:     March 4, 2021
Date Decided:       March 5, 2021