

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-22-00261-CV

---

ELIJAH RATCLIFF, APPELLANT

V.

JENKINS AND YOUNG PC, ET AL., APPELLEES

---

On Appeal from the 237th District Court
Lubbock County, Texas
Trial Court No. DC-2022-CV-0445, Honorable Les Hatch, Presiding

---

November 22, 2022

## ORDER ON MOTION TO REINSTATE APPEAL

### Before QUINN, C.J., and PARKER and YARBROUGH, JJ.

Appellant, Elijah Ratcliff, was declared a vexatious litigant by order dated July 7, 2022. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 11.101(a). He did not timely appeal from that declaration.[1] He did, however, appeal from the trial court's order dismissing his suit against Appellees, Jenkins and Young PC, et al.

---

[1] A litigant may appeal from a prefiling order. TEX. CIV. PRAC. & REM. CODE ANN. § 11.101(c). Courts have consistently held that such an order is interlocutory and subject to the rules for accelerated appeals. *See Manning v. Dallas Indep. Sch. Dist.*, No. 08-20-00210-CV, 2021 Tex. App. LEXIS 821, at *4 (Tex. App.—El Paso Feb. 3, 2021, no pet.) (mem. op.) (noting that a vexatious litigant prefiling order is subject to the same deadlines as other interlocutory appeals under Rule 26.1(b) of the Texas Rules of Appellate Procedure). *See also Margetis v. Bayview Loan Servicing*, *LLC*, 553 S.W.3d 643, 644 (Tex.

By opinion and judgment dated October 14, 2022, this Court dismissed Appellant's appeal for failure to pay the required filing fee. Within the deadline provided for filing a motion for rehearing under Rule 49.1 of the Texas Rules of Appellate Procedure, Appellant, proceeding pro se, filed a "MOTION FOR LEAVE TO REINSTATE NOTICE OF APPEAL" which was accompanied by the required filing fee. Pursuant to Rule 49.2, this Court requested that Appellees file a response to Appellant's motion. Jenkins and Young PC and the City of Livingston filed separate responses. We now grant Appellant's motion and reinstate his appeal based on submission of the filing fee.

However, as a vexatious litigant, Appellant is subject to the requirements of chapter 11 of the Texas Civil Practice and Remedies Code. Pursuant to section 11.1035(a), Jenkins and Young's response to Appellant's motion filed on November 9, 2022, served as notice to Appellant that he was required to obtain permission from the local administrative judge to file new litigation. Under section 11.1035(b), Appellant had ten days from the date that notice was filed to obtain an order from the appropriate local administrative judge permitting the filing of the suit against Appellees. To date, Appellant has not filed such an order with this Court.

Accordingly, based on Appellees' responses, we remain convinced that our original disposition dismissing Appellant's appeal was correct, albeit for a different reason. Therefore, pursuant to chapter 11 of the Texas Civil Practice and Remedies Code, this appeal is dismissed.

Per Curiam

---

App.—Waco 2018, no pet.); *Hollis v. Acclaim Physician Grp.*, *Inc.*, No. 02-19-00062-CV, 2019 Tex. App. LEXIS 6414, at *7 (Tex. App.—Fort Worth July 25, 2019, no pet.) (mem. op.).