**Opinion issued March 7, 2024**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-23-00164-CV

————————————

**DIOGU KALU DIOGU II Appellant**

**V.**

**DAVID MELANSON, DENISE ROBBINS,
EDDIE M. KRENEK, AND TRICIA KRENEK, Appellees**

---

**On Appeal from the 434th District Court
Fort Bend County, Texas
Trial Court Case No. 21-DCV-280847**

---

## MEMORANDUM OPINION

Appellant Diogu Kalu Diogu II filed a notice of appeal challenging the order

of the Presiding Judge of the Eleventh Administrative Judicial Region of Texas dated

February 3, 2023, denying his motion to recuse District Court Judge Christian

Becerra. Diogu's notice of appeal states that the Administrative Judge's order

"subsumes a prior order of Judge Becerra" declaring him a vexatious litigant. Thus, it appears Diogu also challenges Judge Becerra's order granting Appellee David Melanson's motion to declare Diogu a vexatious litigant, signed on July 15, 2021.

Appellees David Melanson, Denise Robbins, Eddie M. Krenek, and Tricia Krenek filed a Motion to Dismiss Diogu's appeal for lack of jurisdiction, arguing that "[b]ecause [Diogu] presents no live controversy for this Court to decide, this appeal should be dismissed for lack of subject matter jurisdiction." Diogu filed a response and amended response to Appellees' motion. In his amended response, Appellant argues that Judge Becerra's July 15, 2021 order affirming Associate Judge Argie Brame's order declaring him a vexatious litigant "was void ab [sic] intio and had no legal effect" because Diogu "objected to a hearing before the Associate Judge[,] . . . . [who] was, therefore precluded from continuing with the hearing and/or entering an [o]rder as a result of the hearing."

We grant Appellees' motion and dismiss the appeal for lack of jurisdiction. *See* Tex. R. App. P. 42.3(a); *see also State ex rel. Best v. Harper*, 562 S.W.3d 1, 6 (Tex. 2018). All pending motions are denied as moot.

2

## Background

On February 11, 2021, Diogu filed suit in Fort Bend District Court against David Melanson, Denise Robbins, Eddie M. Krenek, and Tricia Krenek.[1] The case was assigned to the 434th District Court, Fort Bend County, Judge Christian Becerra presiding. After Diogu filed his lawsuit, Appellee David Melanson moved to have Diogu declared a vexatious litigant and to require him to post a bond to proceed. Judge Becerra referred the motion to Associate Judge Brame.[2] Judge Brame held a hearing and signed an order on May 27, 2021, declaring Diogu a vexatious litigant and ordering him to post a $30,000 bond to continue his lawsuit, noting that failure to do so would result in dismissal of the case with prejudice. Diogu requested *de novo* review of Judge Brame's order.

Judge Becerra held a *de novo* hearing, and on July 15, 2021, he signed an order granting Melanson's motion. He declared Diogu a vexatious litigant and ordered him to post a bond in the amount of $30,000 to proceed. Diogu did not pay the bond. Instead, on July 15, 2021, he filed a notice of nonsuit, resulting in an order of dismissal signed by Judge Brame on July 20, 2021, dismissing Diogu's case without prejudice.

---

[1]     It is not clear what claims Diogu filed against the named defendants because his petition in the underlying case is not included in the record.

[2]     *See* TEX GOV'T CODE § 54A.106 (judge may refer cases to associate judge for resolution).

Over a year later, on December 12, 2022, in an ex-parte letter sent to then-Administrative Judge of the 268th District Court, Fort Bend County, O'Neil Williams, Diogu claimed Judge Becerra's vexatious-litigant order was "void as a matter of law," and he requested that Judge Williams remove him from the vexatious-litigant list. On December 20, 2022, Judge Williams signed Diogu's proposed order, removing him from the vexatious-litigant list.

Upon learning of Judge Williams' order on December 27, 2022, Melanson filed a motion before Judge Becerra requesting emergency relief. Melanson requested that Judge Williams' order be declared void and that Judge Becerra's prior vexatious-litigant order be confirmed as valid. Judge Becerra held a hearing on Melanson's emergency motion and on December 28, 2022, he entered an order declaring Judge Williams' order void *ab initio* and confirming his July 15, 2021 vexatious-litigant order.[3]

On December 28, 2022, Diogu filed a motion to recuse Judge Becerra and Judge Brame. Judge Becerra declined to recuse himself and referred Diogu's motion to the Administrative Judge of the Eleventh Administrative Judicial Region for a ruling. The Administrative Judge denied Diogu's motion to recuse on February 3, 2023. This appeal followed.

---

[3]     On December 29, 2022, Judge Williams entered a docket entry, reversing and declaring his December 20, 2022 order void.

**Discussion**

**A.     Order Declaring Diogu a Vexatious Litigant**

To the extent Diogu challenges Judge Becerra's order declaring him a vexatious litigant, Diogu's appeal is untimely.   Pursuant to Section 11.101(c) of the Texas Civil Practice and Remedies Code, an appeal of a vexatious-litigant order must be filed "within twenty days of the order's issuance." *See Manning v. Dallas Indep. Sch. Dist.*, No. 08-20-00211-CV, 2021 WL 365914, at \*2 (Tex. App.—El Paso Feb. 3, 2021, no pet.) (holding vexatious-litigant order is interlocutory and subject to same time deadlines as other interlocutory appeals).

Judge Becerra entered his order declaring Diogu a vexatious litigant on July 15, 2021.  Diogu did not file his notice of appeal until March 6, 2023, almost two years after he was declared a vexatious litigant.   Even assuming the appellate timetable started on December 28, 2022—the date on which Judge Becerra declared Judge Williams' order void and confirmed his July 15, 2021 order—Diogu's notice of appeal is still untimely because it was filed more than twenty days after the December 28, 2022 order.  *See id.*  We thus lack jurisdiction to consider Diogu's challenge to Judge Becerra's vexatious-litigant order.  *See Margetis v. Bayview Loan Servicing, LLC*, 553 S.W.3d 643, 644 (Tex. App.—Waco 2018, no pet.) (holding court of appeals did not have jurisdiction over trial court's order finding appellant vexatious litigant because appellant did not file notice of appeal within time

5

specified); *Restrepo v. All. Riggers & Constructors, Ltd.*, No. 08–15–00011–CV, 2015 WL 999950, at \*2 (Tex. App.—El Paso Mar. 4, 2015, no pet.) (mem. op.) (same).

**B.    The Administrative Judge's Order**

In his notice of appeal, Diogu challenges the order from the Administrative Judge denying Diogu's motion to recuse Judge Becerra, claiming Judge Becerra "declined to recuse himself, and acted in contravention of T[exas] R[ules] [of] C[ivil] P[rocedure] 18a."

Diogu's appeal of this order is moot.  "A case becomes moot when (1) a justiciable controversy no longer exists between the parties, (2) the parties no longer have a legally cognizable interest in the case's outcome, (3) the court can no longer grant the requested relief or otherwise affect the parties' rights or interests, or (4) any decision would constitute an impermissible advisory opinion." *Elec. Reliability Council of Texas, Inc. v. Panda Power Generation Infrastructure Fund, LLC*, 619 S.W.3d 628, 634-35 (Tex. 2021) (citation omitted); *see also Zipp v. Wuemling*, 218 S.W.3d 71, 73 (Tex. 2007) ("An appeal is moot when a court's action on the merits cannot affect the rights of the parties.").

Diogu filed a notice of nonsuit in the trial court on July 15, 2021.  The trial court signed an order of dismissal on July 20, 2021, effectively dismissing Diogu's case, then pending before Judge Becerra, without prejudice.  Diogu thus

6

"extinguished [his] case or controversy" against Appellees. *See Univ. of Texas Med. Branch at Galveston v. Est. of Blackmon ex rel. Shultz*, 195 S.W.3d 98, 100 (Tex. 2006).

Diogu's motion to recuse Judge Becerra, filed on December 28, 2022, was filed more than a year after the trial court signed its order of dismissal. Diogu did not refile his claims nor was there any pending case or claims when Diogu filed his motion. Diogu's appeal from the denial of his motion to recuse is thus moot. *See Fears v. Box*, No. 05-95-01671-CV, 1997 WL 36972, at *2 (Tex. App.—Dallas Jan. 31, 1997, writ denied) (holding motion to recuse judge as moot because trial court granted appellant's request for nonsuit). There is no controversy left to decide between the parties, and we will not depart from the "axiomatic" command "that appellate courts do not decide cases in which no controversy exists between the parties." *Camarena v. Texas Emp. Comm'n.*, 754 S.W.2d 149, 151 (Tex. 1988).

## C.    Damages

Appellees request that we award damages against Diogu on the ground that his appeal is "objectively frivolous." *See* TEX. R. APP. P. 45. "Rule 45 does not mandate that this [C]ourt award just damages in every case in which an appeal is frivolous; rather the decision to award such damages is a matter within this [C]ourt's discretion, which we exercise with prudence and caution after careful deliberation."

*Glassman v. Goodfriend*, 347 S.W.3d 772, 782 (Tex. App.—Houston [14th Dist.] 2011).  Upon due consideration, we deny Appellees' request for damages.



Veronica Rivas-Molloy
Justice


Panel consists of Justices Kelly, Countiss, and Rivas-Molloy.