

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-24-00133-CV

---

**THOMAS LEYDON AND ROSEANNE M. LEYDON, APPELLANTS**

**V.**

**THOMAS ANDREW KUOKOA LEYDON, MELANIE LEYDON,
AND ROWAN LEE, APPELLEES**

---

On Appeal from the 261st District Court
Travis County, Texas[1]
Trial Court No. D-1-GN-23-001572, Honorable Madeleine Connor, Presiding

---

July 31, 2024

## MEMORANDUM OPINION

Before QUINN, C.J., and PARKER and YARBROUGH, JJ.

Appellants, Thomas Leydon and Roseanne M. Leydon, proceeding pro se, appeal from three trial court orders: (1) *Order Granting Defendant Thomas Andrew Leydon's Rule 91a Motion to Dismiss*, (2) *Order Granting Defendants' Rule 91a Motion to Dismiss all Claims of Roseanne M. Leydon*, and (3) *Order granting Defendants' Motion to*

---

[1] Originally appealed to the Third Court of Appeals, this appeal was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. *See* TEX. GOV'T CODE ANN. § 73.001.

*Expunge Notice of Lis Pendens.*  Pending before the Court is Appellees' motion to dismiss the appeal for want of jurisdiction.  We grant the motion and dismiss the appeal.

According to the record before the Court, Appellants sued Appellee Thomas Andrew Kuokoa Leydon ("Andrew") for breach of contract and sued Andrew and Appellee Rowan Lee for promissory estoppel after the dissolution of a purported "residential property rental business."[2]  Andrew filed a counterclaim against Thomas for breach of contract and a counterclaim against both Appellants for breach of fiduciary duty.  He also sought declaratory relief, moved to expunge a notice of lis pendens, and moved for sanctions against Appellants.  Rowan and Melanie counterclaimed against Appellants for breach of contract and tortious interference of contract.  The two also sought declaratory relief, moved to expunge a notice of lis pendens, and moved for sanctions.

On January 17, 2024, the trial court issued the *Order Granting Defendant Thomas Andrew Leydon's Rule 91a Motion to Dismiss*, dismissing ". . . all claims and causes of action asserted against Defendants by Plaintiff Thomas Francis Leydon . . . ."  On February 21, 2024, the trial court issued the *Order Granting Defendants' Rule 91a Motion to Dismiss all Claims of Roseanne M. Leydon*, dismissing ". . . all claims and causes of action asserted against Defendants Thomas Andrew Leydon and Rowan Lee by Rosanne M. Leydon . . . ."  The following day, the trial court signed the *Order Granting Defendants' Motion to Expunge Notice of Lis Pendens*.  Appellants appealed the three orders.

---

[2] Although the style of "Plaintiffs' First Amended Petition" identifies Appellee Melanie Leydon as a defendant, the petition itself makes no reference to Melanie and asserts no causes of action against her.

However, Appellees' counterclaims against Appellants, request for declaratory judgment, and motions for sanctions remain pending.

We have jurisdiction to hear an appeal from a final judgment or from an interlocutory order made immediately appealable by statute. *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 & n.12 (Tex. 2001); *Stary v. DeBord*, 967 S.W.2d 352, 352–53 (Tex. 1998) (per curiam). "[W]hen there has not been a conventional trial on the merits, an order or judgment is not final for purposes of appeal unless it actually disposes of every pending claim and party or unless it clearly and unequivocally states that it finally disposes of all claims and all parties." *Lehmann*, 39 S.W.3d at 205.

Here, the three trial court orders do not include any finality language, nor do they dispose of all pending parties and claims. Further, we have found no statutory authority permitting their interlocutory appeal. *See Harrell v. Evans*, No. 01-21-00666-CV, 2023 Tex. App. LEXIS 3574, at *10 (Tex. App.—Houston [1st Dist.] May 25, 2023, no pet.) (mem. op.) ("Indeed, no statutory or other authority allows for an interlocutory appeal from an order that grants a Rule 91a motion to dismiss but does not dispose of all pending claims."); *Margetis v. Bayview Loan* Servicing, LLC, 553 S.W.3d 643, 645 (Tex. App.—Waco 2018, no pet.) (". . . there is no statutory authority for an appeal of an interlocutory order expunging notices of lis pendens . . . .").

Appellees now move to dismiss this interlocutory appeal for want of jurisdiction. Although Appellants have filed a response, they have failed to demonstrate grounds for continuing the appeal.

3

Because Appellants have not presented this Court with a final judgment or appealable order, we grant Appellees' motion and dismiss the appeal for want of jurisdiction. *See* TEX. R. APP. P. 42.3(a).

The appeal is dismissed.

Per Curiam