

# COURT OF APPEALS
# EIGHTH DISTRICT OF TEXAS
# EL PASO, TEXAS

---

No. 08-26-00141-CV

---

In re Guillermo Mercado and Minerva Mercado

---

## AN ORIGINAL PROCEEDING IN MANDAMUS

---

## MEMORANDUM OPINION

Guillermo Mercado and Minerva Mercado filed a Notice of Accelerated Appeal on April 7, 2026, stating they were appealing from an "Order Granting Motion to Expunge Lis Pendens" and contending this was an accelerated appeal authorized by § 12.0071(c) of the Texas Property Code.[1]

On April 9, 2026, we notified the Mercados that it appeared the trial court's order was neither a final judgment nor an appealable interlocutory order, and as such, we would lack jurisdiction over the appeal. We informed them that the appeal may be dismissed if they failed to show how this Court has jurisdiction over this appeal.

---

[1] A file-stamped copy of the trial court's order, filed in this Court with the Notice of Appeal, reflects that the trial court signed an order on April 1, 2026, expunging and canceling a notice of lis pendens filed by the Mercados.

The Mercados filed a response on April 15, 2026, in which they asserted that "Texas law expressly provides for appellate review of lis pendens expunction orders." They alternatively requested that, if we determined that we lack jurisdiction over the appeal, we treat this proceeding as a petition for writ of mandamus.

On April 21, 2026, we determined that we lacked jurisdiction over the attempted appeal. However, we granted the Mercados' request to treat their filing as a petition for writ of mandamus and, because no petition had yet been filed, ordered them to file a petition for writ of mandamus that complies with Texas Rule of Appellate Procedure 52.3 by May 11, 2026. We also warned them that this case would be dismissed if they failed to timely file a mandamus petition. To date, the Mercados have not filed a petition for writ of mandamus.

To the extent the Mercados seek to appeal from the trial court's judgment expunging their notice of lis pendens, we lack jurisdiction over the appeal. *See Margetis v. Bayview Loan Serv., LLC*, 553 S.W.3d 643, 645 (Tex. App.—Waco 2018, no pet.) ("Therefore, because there is no statutory authority for an appeal of an interlocutory order expunging notices of lis pendens, we do not have jurisdiction over this complaint."); *Smith v. Schwartz*, No. 02-15-00146-CV, 2015 WL 3645862 (Tex. App.—Fort Worth June 11, 2015, no pet.) (mem. op.) (per curiam) (dismissing appeal from interlocutory order expunging notices of lis pendens for want of jurisdiction); *see also In re Gaudet*, 625 S.W.3d 887, 891 (Tex. App.—El Paso 2021, orig. proceeding) (stating that "[i]t is well settled that mandamus is the appropriate remedy when issues arise concerning the propriety of a notice of lis pendens" and considering a challenge to an order expunging a notice of lis pendens in a mandamus proceeding).

To the extent we construe this proceeding as a petition for writ of mandamus, the Mercados have failed to file a petition that complies with Texas Rules of Appellate Procedure 52.3 and 52.7.

As a result, they have not shown that they are entitled to mandamus relief. *See, e.g.*, *In re Hernandez*, No. 08-23-00160-CV, 2023 WL 4146281, at \*1 (Tex. App.—El Paso June 23, 2023, orig. proceeding) (mem. op.).

We dismiss the Mercados attempted appeal for want of jurisdiction. We conclude that the Mercados have failed to establish a right to mandamus relief and deny the petition for writ of mandamus in the alternative. We dismiss any pending motions as moot.

LISA J. SOTO, Justice

May 15, 2026

Before Salas Mendoza, C.J., Palafox and Soto, JJ.