**ROYAL INDEPENDENT SCHOOL DISTRICT, Appellant,**

**v.**

**John W. RAGSDALE, Jr., as Trustee for the Chapter 7 Bankruptcy Estate of Mortgage Funding Network, Inc., Appellee.**

No. 14–07–00181–CV.

Court of Appeals of Texas, Houston (14th Dist.).

Nov. 25, 2008.

Rehearing Overruled Dec. 18, 2008.

---

Henry G. Steen and Jennifer A. Powell, Austin, TX, for Appellants.

Richard A. Behlmann, Katy, TX, for Appellees.

Panel consists of Chief Justice HEDGES and Justices BROWN and BOYCE.

## OPINION

HEDGES, Chief Justice.

Appellant, Royal Independent School District ("Royal ISD"), attempts to appeal various post-final-judgment orders. Because the challenged orders cannot form the basis of an appeal to this Court, we dismiss for want of jurisdiction.

## I. BACKGROUND

This appeal initiated as a delinquent tax suit filed by Royal ISD against Janice Phillips, the landowner of real property located in Waller County, and two lienholders, J.S. Norman Realty, Inc. and Mortgage Funding Network, Inc. ("MFNI").[1] Brookshire Katy Drainage District (the "Drainage District") and Waller County later intervened. In October 2001, the trial court signed a final judgment in favor of Royal ISD, the Drainage District, and Waller County. The property was sold in a tax sale on June 3, 2003, resulting in excess proceeds in the amount of $23,474.24. The excess proceeds were deposited with the district clerk's office, and Waller County sent a notice of excess proceeds to both MFNI and Phillips. Ragsdale, on behalf of MFNI, acknowledged in writing his receipt of Waller County's notice of the excess proceeds.

On June 2, 2005, Ragsdale filed a motion to withdraw the excess proceeds in the underlying tax suit. Ragsdale filed the motion to withdraw the funds pursuant to section 34.04 of the Tax Code. Section 34.04 provides in part that "a person ...

---

1. At the time, MFNI was a debtor in an open Chapter 7 bankruptcy proceeding. Appellee, John W. Ragsdale, served as trustee to MFNI's bankruptcy estate and therefore acted on behalf of MFNI in the underlying tax suit and continues to do so in this appeal.

may file a petition in the court that ordered the ... sale setting forth a claim to ... excess proceeds. The petition must be filed before the second anniversary of the date of the sale of the property." Tex. Tax Code § 34.04(a). Ragsdale filed his motion claiming right to the excess proceeds one day before the two-year deadline. However, he failed to set the motion for a hearing and failed to obtain a ruling or order on the motion.

Four months later, on October 13, 2005, the district clerk disbursed the excess funds to Royal ISD in the amount of $21,831.04 and to the Drainage District in the amount of $1,643.20. The district clerk's disbursement to Royal ISD and the Drainage District was not at the direction of a court order. The district clerk indicates in our supplemental clerk's record that, *sua sponte,* it disbursed the funds pursuant to section 34.03 of the Tax Code. This particular section provides that the clerk of the court shall distribute the excess proceeds from a tax sale to each taxing unit who participated in the sale "if no claimant establishes *entitlement* to the proceeds" within two years after the date of the tax sale, unless otherwise ordered by the court. *Id.* § 34.03 (emphasis added).

On February 1, 2006, Ragsdale filed a second motion to withdraw the excess proceeds from the district clerk's office. The trial court granted Ragsdale's second motion to withdraw the funds and, on February 17, 2006, signed an order titled "Consent Order to Release Excess Funds" ("Consent Order"). The Consent Order provided that MFNI had a valid interest in the excess proceeds and authorized the district clerk to immediately release the funds to Ragsdale. Because the district clerk had previously released the funds to Royal ISD and the Drainage District, Ragsdale was unable to recover the excess proceeds directly from the district clerk. Ragsdale then filed a third motion, requesting that the trial court either (1) order the district clerk to recover the excess proceeds from Royal ISD and release the funds to Ragsdale, or (2) order Royal ISD to release the funds directly to Ragsdsale. On September 5, 2006, the trial court signed an order directing the district clerk to recover the funds from Royal ISD and to release them to Ragsdale ("Release Order 1"). Still, Ragsdale was unable to recover the funds.

On January 22, 2007, Royal ISD filed a motion to dismiss for lack of jurisdiction. In its motion to dismiss, Royal ISD argued that the trial court lacked in rem jurisdiction to issue the Consent Order because the trial court did not have possession or custody of the funds when the Consent Order was signed. On February 9, 2007, the trial court denied Royal ISD's motion to dismiss ("Dismissal Order") and signed two additional orders. In these additional orders, the trial court ordered Royal ISD to release the funds directly to Ragsdale ("Release Order 2") and denied Royal ISD's written objection to Release Order 2 ("Objection Order").[2]

Royal ISD filed the instant interlocutory appeal, challenging the Dismissal Order. On April 5, 2007, Royal ISD amended its notice of appeal and added challenges to Release Order 2 and the Objection Order. Thus, the challenged orders identified in Royal ISD's notices of appeal are the Dismissal Order, Release Order 2, and the Objection Order.[3]

---

**2.** Although the district clerk disbursed a portion of the excess proceeds to the Drainage District, Ragsdale did not include the Drainage District in his subsequent motions requesting release of the excess proceeds. Ad-

ditionally, because no appeal has been made against the Drainage District, it is not a party in this appeal.

**3.** While the notices of appeal challenge only the Dismissal Order, Release Order 2, and the

In one issue and three sub-issues, Royal ISD contends that the trial court erred in denying its motion to dismiss because: (1) the trial court lacked in rem jurisdiction to issue the Consent Order; (2) the district clerk properly disbursed the funds to Royal ISD pursuant to section 34.03 of the Tax Code; and (3) the trial court's plenary power had expired when it issued Release Order 1, Release Order 2, and the Objection Order.[4] Addressing the substantive issues in this case, the parties urge this Court to reconcile sections 34.03 and 34.04 of the Tax Code. Section 34.03 provides in part that the clerk of the court shall distribute excess proceeds from a tax sale to each taxing unit who participated in the sale if no claimant establishes entitlement to the proceeds within two years after the date of the tax sale, unless otherwise ordered by the court. *See* Tex. Tax Code § 34.03. The district clerk disbursed the funds to the taxing units, Royal ISD and the Drainage District, because no claimant had established entitlement to the proceeds within two years after the tax sale.

However, section 34.04 provides in part that "a person ... may file a petition in the court that ordered the ... sale setting forth a claim to ... excess proceeds. The petition must be filed before the second anniversary of the date of the sale of the property." *Id.* § 34.04(a). Ragsdale filed the motion to withdraw the excess proceeds within the two-year deadline and later, 32 months after the tax sale, demonstrated to the trial court that he was entitled to the proceeds. Thus, the issue presented is one of statutory construction, that is, considering the fact that Ragsdale filed a petition to withdraw the excess proceeds within two years after the tax sale in accordance with section 34.04, but

did not establish entitlement within those two years, which Tax Code provision controls in determining which party is entitled to the excess proceeds?

## II. JURISDICTION

▇▇▇ Before reaching the merits of this particular issue and other issues raised by the parties, we must inquire into our own jurisdiction. We conduct this inquiry *sua sponte* because jurisdiction is fundamental in nature and may not be ignored. *K & S Interests, Inc. v. Tex. Am. Bank/Dallas,* 749 S.W.2d 887, 890 (Tex. App.-Dallas 1988, writ denied). If the present case is an appeal over which we have no jurisdiction, the appeal must be dismissed. *See id.* Our appellate jurisdiction is generally confined to appeals of final judgments, unless otherwise authorized by statute. *See Lehmann v. Har-Con Corp.,* 39 S.W.3d 191, 195 (Tex.2001) (stating that "the general rule, with a few mostly statutory exceptions, is that an appeal may be taken only from a final judgment").

### A. Final Judgment

The final judgment in this case was signed in 2001 by the trial court in the underlying delinquent tax suit; the property was sold thereafter, resulting in excess proceeds. The record reflects that no appeal was taken from the 2001 final judgment. Two years after the final judgment was signed, Ragsdale filed a motion in the same tax suit claiming right to the excess proceeds that arose from the tax sale on Phillips's property. *See* Tex. Tax Code § 34.04(a). Thereafter, the trial court ruled on the motion in Ragsdale's favor.

---

Objection Order, Royal ISD, in its briefing, additionally challenges the Consent Order and Release Order 1.

4. The Texas Association of School Boards Legal Assistance Fund filed an amicus curiae brief in support of Royal ISD's section 34.03 and in rem jurisdiction arguments.

In this appeal, Royal ISD does not challenge the 2001 final judgment. Instead, Royal ISD challenges the post-final-judgment proceeding initiated under section 34.04 of the Tax Code and various orders that were signed in that post-final-judgment proceeding. Because Royal ISD does not appeal the final judgment, we look to statutory authority for appellate jurisdiction. *See Lehmann*, 39 S.W.3d at 195 (reasoning that an appeal from an order other than the final judgment can be made if specifically authorized by statute).

### B. Statutory Authorization

The post-final-judgment orders Royal ISD attempts to appeal are the Consent Order, Release Order 1, Release Order 2, Dismissal Order, and Objection Order. In turn, we must determine whether a specific statute authorizes us to invoke our appellate jurisdiction to review these orders.

### 1. Consent Order

■ Section 34.04(a) authorizes a party, such as Ragsdale, to file a post-final-judgment motion or petition in the underlying tax suit or in a separate suit to claim excess proceeds arising from a tax foreclosure sale in a delinquent tax suit. *See* Tex. Tax Code § 34.04(a); *see also Nelson v. Lubbock Cent. Appraisal Dist.*, 07–02–0349–CV, 2003 WL 1987959, at *1 n. 4 (Tex.App.-Amarillo Apr.30, 2003, no pet.) (mem.op.). Section 34.04(e) further provides that the trial court's order on the claimant's petition or motion is appealable. Tex. Tax Code § 34.04(e) (providing that an order granting a claim for excess proceeds from the sale of property in a delinquent tax suit is appealable). Accordingly, section 34.04 authorizes an appeal to this Court from a trial court's order on a claimant's motion seeking to obtain excess proceeds subsequent to the final judgment and tax foreclosure sale in a delinquent tax suit. *See id.*

### a. Section 34.04 of the Tax Code

The appealable order under section 34.04(e) in this case is the Consent Order. Before signing the Consent Order, the sole issue remaining before the trial court was whether the claimant, Ragsdale, or the taxing unit, Royal ISD, was entitled to the excess proceeds rising from the tax foreclosure sale in the underlying tax suit. The Consent Order resolved the dispute over ownership of the funds and fixed the rights of the parties. Specifically, the Consent Order determined that MFNI was entitled to the excess proceeds and authorized the district clerk to disburse the funds to Ragsdale. Upon signing the Consent Order, nothing further remained for the trial court to adjudicate. Having awarded the precise relief sought by Ragsdale and resolved the sole remaining issue of entitlement to the proceeds, the Consent Order became an appealable order under section 34.04(e).

### b. Perfecting An Appeal On The Consent Order

■ After signing the Consent Order, the operative appealable order, Royal ISD was required to perfect an appeal to invoke our appellate jurisdiction. The time limits for perfecting an appeal on the Consent Order began to run from the date the order was signed. *See* Tex.R. Civ. P. 306a; *see also* Tex.R.App. P. 26.1. Royal ISD was required to file a notice of appeal challenging the Consent Order within thirty days of that date, on or before March 19, 2006. *See* Tex.R.App. P. 25.1(b), (d)(2); *Erlewine v. Erlewine*, No. 03–06–00308–CV, 2007 WL 2462042, at *1 (Tex.App.-Austin 2007, no pet.) (mem.op.) (reasoning that a party seeking to perfect an appeal on an appealable order must do so within 30 days in accordance with rule 26.1). Neither of the two notices of appeal filed by Royal ISD challenges the Consent Order. Because the record reflects that

Royal ISD did not perfect an appeal from the operative order, and the time limit for doing so has long since expired, Royal ISD has not invoked our jurisdiction under section 34.04.[5] *See* Tex.R.App. P. 25.1(b), (d)(2); *Erlewine*, 2007 WL 2462042, at *1. Royal ISD has waived its challenge on the Consent Order.[6] *See* Tex.R.App. P. 33.1(a).

### 2. Dismissal Order, Release Order 2, and the Objection Order

Royal ISD alleges in its two notices of appeal that (1) an accelerated appeal of the Dismissal Order is statutorily authorized by section 51.014(a)(8) of the Civil Practice and Remedies Code, and (2) the direct appeals of Release Order 2 and the Objection Order are authorized by statute under section 51.012.

### a. Civil Practice and Remedies Code Section 51.014(a)(8)

■ Royal ISD contends that the Dismissal Order is appealable to this Court pursuant to section 51.014 of the Civil Practice and Remedies Code. *See* Tex. Civ. Prac. & Rem.Code § 51.014(a)(8) (permitting an appeal from an interlocutory order of a district court that denies a plea to the jurisdiction by a governmental unit). Although section 51.014 authorizes an accelerated appeal from an interlocutory order, the Dismissal Order, a post-final-judgment order, is not an interlocutory order as contemplated under section 51.014. *See Martin v. Tex. Dept. Of Family and Protective Servs.*, 176 S.W.3d 390, 393–94 (Tex.App.-Houston [1st Dist.] 2004, no pet.) (concluding that an order granting a plea to the jurisdiction was not appealable on an interlocutory basis because the order was issued after the final judgment and after the trial court lost its plenary power). Royal ISD cites to no authority that permits us to characterize the Dismissal Order, a post-final-judgment order signed well after the final judgment and the Consent Order, as an interlocutory order. We are not authorized by section 51.014(a)(8) of the Civil Practice and Remedies Code to review the Dismissal Order, a post-final-judgment order, on an interlocutory basis.

### b. Civil Practice and Remedies Code Section 51.012

■ Royal ISD also argues that Release Order 2 and the Objection Order are ap-

---

**5.** In a recent per curiam opinion, the Texas Supreme Court held that certain appellants preserved their right to pursue an appellate challenge to an order granting a special exceptions by challenging that order in the body of the appellate brief, even though the order was not identified in the notice of appeal. *See Perry v. Cohen*, No. 07–0301, 2008 WL 4891677, at *1 (Tex. Nov.14, 2008). In *Cohen*, the Texas Supreme Court reasoned that the appellants could challenge a special exceptions order, despite their failure to identify the order in the notice of appeal, because the final judgment, a dismissal order, essentially subsumed the special exceptions order, and the final judgment was identified in the notice of appeal. *See id.* at *2 (reasoning that reversal on the dismissal order was warranted if the special exceptions order was improper).

The circumstances here differ from *Cohen* because our appellate jurisdiction is limited by statute. Section 34.04(e), an exception to the general rule that only final judgments and orders are appealable, must be given a strict construction. *See State v. Fiesta Mart, Inc.*, 233 S.W.3d 50, 54 (Tex.App.-Houston [14th Dist.] 2007, pet. denied). Section 34.04(e) authorizes an appeal to this Court from only one order: the Consent Order. Unlike the special exceptions order in *Cohen*, the Consent Order is the operative order. Royal ISD's failure to identify the operative order in the notice of appeal deprives us of appellate jurisdiction.

**6.** Because Release Order 1 is not the operative appealable order under section 34.04(e), we are not authorized by this particular statutory provision to review Release Order 1. Additionally, Royal ISD, having failed to challenge Release Order 1 in its notices of appeal, did not perfect an appeal on this order. *See* Tex.R.App. P. 33.1(a).

pealable under section 51.012 of the Civil Practice and Remedies Code. We disagree. Section 51.012 authorizes an appeal from the *final judgment*. *See* Tex. Civ. Prac. & Rem.Code § 51.012. Neither Release Order 2 nor the Objection Order is the final judgment in this case. As mentioned above, the final judgment was signed in 2001 in the underlying tax suit. Release Order 2 and the Objection Order are orders signed by the trial court in the post-final-judgment proceedings initiated by Ragsdale under section 34.04 of the Tax Code. Because Release Order 2 and the Objection Order are not final judgments, we are not authorized by section 51.012 of the Civil Practice and Remedies Code to review the orders.

### III. CONCLUSION

Having determined that the challenged orders cannot form the basis of an interlocutory or direct appeal to this Court, we do not reach the merits and dismiss the appeal for want of jurisdiction.[7]

---

7. Appellant also challenges the trial court's subject matter jurisdiction to sign the Consent Order. Generally, subject matter jurisdiction can be raised at any time. But it can be raised only before a court with competent jurisdiction. The unique posture of this case forecloses Royal ISD's challenge. Our appellate jurisdiction does not attach to Royal ISD's challenge because it failed to timely appeal the Consent Order. We interpret Royal ISD's challenge as a collateral attack on the Consent Order. The Consent Order was initially subject to a direct attack, but Royal ISD was required to timely file a motion asserting such jurisdictional challenge, or to make a direct appeal on the Consent Order. Because Royal ISD failed to do so, the Consent Order is no longer subject to a direct attack. *See Kenseth v. Dallas County*, 126

S.W.3d 584, 596–97 (Tex.App.-Dallas 2004, pet. denied). A collateral attack is traditionally understood as an attempt to impeach a judgment and to avoid a judgment's binding force in a proceeding not instituted for the purpose for correcting, modifying, or vacating it. *Id.* at 596. A collateral attack is customarily brought in a separate proceeding. *Id.* An appellant cannot collaterally attack, in the same proceeding, an order that it failed to timely appeal. *See id.* at 597. Thus, Royal ISD cannot, in this proceeding, collaterally attack the Consent Order it failed to timely appeal. We do not address whether Royal ISD may collaterally attack the Consent Order in a separate proceeding where a trial court would acquire new jurisdiction in a separate cause.