Affirmed and Memorandum Opinion filed June 25, 2009








Affirmed
and Memorandum Opinion filed June 25, 2009.

 

 

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-08-00800-CV

____________

 

JOHN FREEMAN, Appellant

 

V.

 

PATRICK FREEMAN, Appellee

 



 

On Appeal from the 164th District Court

Harris
County, Texas

Trial Court Cause
No. 2007-24506

 



 

M E M O R
A N D U M   O P I N I O N








This
appeal arises from a suit for partition of real property jointly owned by John
Freeman and Patrick Freeman.  Patrick sought partition of the property so that
he could have it sold and the proceeds divided.  A final default judgment was
signed in Patrick=s favor on October 29, 2007.  On May 8, 2008, the trial court
signed an order appointing a receiver to sell the property at issue.  On June
3, 2008, John attempted to file a notice of appeal by handwriting AI will appeal@ on a copy of a form entitled AState Commission on Judicial Conduct,@ which he apparently filed regarding
complaints about the trial judge in this case.  He attached a copy of the May
8th order appointing a receiver, with several handwritten notes mentioning an Aappeal,@ to this form. 

The
basis of John=s appeal is unclear from the documents he filed regarding his desire to
appeal.  An appeal from the final default judgment was untimely at the time
John filed this notice.[1]  See Tex. R. App. P. 26.1.  An appeal from
the order appointing a receiver, however, was timely. Tex. R. App. P. 26.1 see Moyer v. Moyer, 183 S.W.3d
48, 51 (Tex. App.CAustin 2005, no pet.) (considering appeal of post-judgment
order appointing a receiver).  Under these circumstances, we conclude that John
has invoked this court=s appellate jurisdiction with respect to the May 8th order
appointing a receiver.  See Tex.
R. App. P. 25.1(b).

On
appeal, however, John presents the following issues: 

(1)       The trial court should not have rendered a default judgment
against defendant.

(2)       The [p]laintiff lacked standing and capacity to bring suit
for partition of the property.

(3)       The [d]efendant=s
Answer was sufficient to give notice of his defenses.








These issues all squarely
relate to the default judgment; as such, they represent an improper collateral
attack on a final judgment.  See Browning v. Prostok, 165 S.W.3d 336,
345B46 (Tex. 2005) (ACollateral attacks on final judgments
are generally disallowed because it is the policy of the law to give finality
to the judgments of the courts.@); see also Royal Indep. Sch. Dist. v. Ragsdale, 273
S.W.3d 759, 764B66 (Tex. App.CHouston [14th Dist.] 2008, no pet.).  John has not alleged
any error concerning the appointment of the receiver.  We therefore overrule
his three issues and affirm the trial court=s judgment.

 

 

 

/s/        Eva M. Guzman

Justice

 

 

 

Panel
consists of Justices Anderson, Boyce, and Guzman.  









[1]  This notice of appeal is also untimely under the
rules governing restricted appeals.  See Tex. R. App. P. 26.1(c) (notice of restricted appeal must be
filed within six months after judgment or order is signed); Tex. R. App. P.  30 (party may file
restricted appeal if he did not participate in hearing resulting in judgment or
timely file post-judgment motion).