**Dismissed and Memorandum Opinion filed June 23, 2016.**



**In The**

# Fourteenth Court of Appeals

## NO. 14-16-00250-CV

### TED L. ROBERTSON, Appellant

### V.

### URITA EMANUEL, Appellee

**On Appeal from the 312th District Court
Harris County, Texas
Trial Court Cause No. 2001-35725**

## M E M O R A N D U M   O P I N I O N

This is an attempted appeal from a judgment signed August 15, 2001. No post-judgment motion was filed. Appellant's notice of appeal was filed March 18, 2016. The notice of appeal must be filed within 30 days after the judgment is signed when appellant has not filed a timely post-judgment motion. *See* Tex. R. App. P. 26.1.

Appellant's notice of appeal was not filed timely. A motion for extension of time is necessarily implied when an appellant, acting in good faith, files a notice of appeal beyond the time allowed by Texas Rule of Appellate Procedure 26.1, but within the 15-day grace period provided by Rule 26.3 for filing a motion for extension of time. *See Verburgt v. Dorner*, 959 S.W.2d 615, 617–18 (1997) (construing the predecessor to Rule 26). Appellant's notice of appeal was not filed within the 15-day period provided by Rule 26.3.

On May 27, 2016, notification was transmitted to all parties of the court's intention to dismiss the appeal for want of jurisdiction. *See* Tex. R. App. P. 42.3(a). Appellant filed a response in which he asks this court to treat his notice of appeal as a collateral attack on a void default judgment. The order appellant seeks to appeal is a protective order issued August 15, 2001.

Appellant contends that the 2001 protective order is void and may be collaterally attacked because he was not served with citation; therefore, the trial court did not acquire personal jurisdiction over him. Appellant did not plead a collateral attack or obtain rulings concerning the service of process or personal jurisdiction in the trial court. A collateral attack is traditionally understood as an attempt to impeach a judgment and to avoid a judgment's binding force in a proceeding not instituted for the purpose of correcting, modifying, or vacating it. *Browning v. Prostok*, 165 S.W.3d 336, 346 (Tex. 2005). A collateral attack is customarily brought in a separate proceeding. *Royal Indep. Sch. Dist. v. Ragsdale*, 273 S.W.3d 759, 766 (Tex. App.—Houston [14th Dist.] 2008, no pet.). An appeal of an order in the same proceeding—brought for the purpose of correcting, modifying or vacating that order—is a direct attack on the order, not a collateral attack. *Kenseth v. Dallas Cnty.*, 126 S.W.3d 584, 596–97 (Tex. App.–Dallas 2004, pet. denied).

We conclude that appellant cannot, for the first time in this appeal from a 2001 protective order, change the nature of the suit by raising a collateral attack. Therefore, appellant's response fails to demonstrate that this court has jurisdiction to entertain the appeal.

Accordingly, the appeal is ordered dismissed.


PER CURIAM


Panel consists of Chief Justice Frost and Justices McCally and Brown.