**Opinion issued March 8, 2022**



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-21-00574-CV

_____

### RAINER VON FALKENHORST III, Appellant

### V.

### ARTHUR KWOK, ERIKA LYNNSEY KWOK, QAI ASSET, INC., RUSH GREEN ASSET, LP, REGAL REALTY INTERNATIONAL, LP, ERIKA J. THOMAS, JOHN P. BOLEN, AND MALCOM D. GIBSON, Appellees

---

On Appeal from the 269th District Court
Harris County, Texas
Trial Court Case No. 2021-18661

---

## MEMORANDUM OPINION

Appellant, Rainer Von Falkenhorst III, has filed a notice of appeal of the

trial court's orders granting summary judgment in favor of appellees, Arthur Kwok

("Arthur"), Erika Lynnsey Kwok ("Erika"), Qai Asset, Inc., Rush Green Asset, LP,

Regal Reality International, LP, Erika J. Thomas, John P. Bolen, and Malcom D. Gibson (collectively, "appellees"), in Falkenhorst's suit against appellees and certain other defendants for trespass to try title and a declaratory judgment. Thomas has filed a motion to dismiss the appeal for lack of jurisdiction, asserting that that the trial court's summary-judgment orders are interlocutory and not appealable.

We dismiss the appeal for lack of jurisdiction.[1]

In his fifth amended petition, Falkenhorst brought claims against appellees, as well as Metropolitan Escrow Title, LLC and Michael Lee Fuqua, for trespass to try title and a declaratory judgment. Appellees answered[2] and moved for summary judgment on Falkenhorst's trespass-to-try-title and declaratory-judgment claims, asserting that they were entitled to judgment as a matter of law.[3] Metropolitan Escrow Title, LLC and Fuqua did not move for summary judgment on Falkenhorst's claims against them.

---

[1] The Clerk of this Court notified Falkenhorst of our intention to dismiss his appeal for lack of jurisdiction. *See* TEX. R. APP. P. 42.3(a). Falkenhorst did not respond to our notice or to Thomas's motion to dismiss.

[2] Multiple answers were filed in the trial court.

[3] Arthur, Erika, Qai Asset, Inc., Rush Green Asset, LP, Regal Reality International, LP, and Thomas filed a motion for summary judgment on Falkenhorst's claims against them. Bolen and Gibson filed a separate summary-judgment motion on Falkenhorst's claims against them.

After Falkenhorst responded to appellees' summary-judgment motions, the trial court granted appellees summary judgment on Falkenhorst's claims against them.[4] Falkenhorst's claims against Metropolitan Escrow Title, LLC and Fuqua remain pending in the trial court.

"[C]ourts always have jurisdiction to determine their own jurisdiction." *Heckman v. Williamson Cty.*, 369 S.W.3d 137, 146 n.14 (Tex. 2012) (internal quotations omitted); *see also Royal Indep. Sch. Dist. v. Ragsdale*, 273 S.W.3d 759, 763 (Tex. App.—Houston [14th Dist.] 2008, no pet.) (jurisdiction fundamental in nature and cannot be ignored). Whether we have jurisdiction is a question of law, which we review de novo. *See Tex. A & M Univ. Sys. v. Koseoglu*, 233 S.W.3d 835, 840 (Tex. 2007). If this case is an appeal over which we have no jurisdiction, the appeal must be dismissed. *Ragsdale*, 273 S.W.3d at 763.

Generally, appeals may be taken only from final judgments. *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). An appellate court has jurisdiction to consider an appeal from an interlocutory order only if a statute explicitly authorizes an interlocutory appeal. *CMH Homes v. Perez*, 340 S.W.3d 444, 447–48 (Tex. 2011); *Lehman*, 39 S.W.3d at 195; *see, e.g.*, TEX. CIV. PRAC. & REM. CODE ANN. § 51.014 (authorizing appeals from certain interlocutory orders). A judgment issued without a conventional trial is final for appeal only if it:

---

[4] The trial court signed two orders granting appellees summary judgment.

3

(1) actually disposes of all claims and parties then before the trial court, regardless of its language, or (2) states with "unmistakable clarity" that it is a final judgment as to all claims and all parties. *Lehmann*, 39 S.W.3d at 192–93, 200, 204–05.

In her motion to dismiss, Thomas argues that the trial court's summary-judgment orders are not final appealable orders because the orders "do not dispose of all claims and all parties" and Falkenhorst's claims against Metropolitan Escrow Title, LLC and Fuqua remain pending in the trial court.

The trial court's summary-judgment orders do not constitute a final judgment disposing of all pending issues and parties in the case. *See Lehmann*, 39 S.W.3d at 192–93, 205; *see also V.I.P. Royal Palace, LLC v. Hobby Event Ctr. LLC*, No. 01-18-00621-CV, 2020 WL 3579563, at *4 (Tex. App.—Houston [1st Dist.] July 2, 2020, no pet.) (mem. op.) ("Because the trial court's . . . order does not actually dispose of all claims and all parties, it is interlocutory and not final . . . ."). Further, the trial court's orders do not state with "unmistakable clarity" that they constitute a final judgment as to all claims and all parties. *See Lehmann*, 39 S.W.3d at 192–93, 200, 205 ("There must be some . . . clear indication that the trial court intended the order to completely dispose of the entire case.").

An order that does not actually dispose of all claims and all parties before the trial court and does not state with unmistakable clarity that it is a final

4

judgment as to all claims and all parties must be classified for purposes of appeal as an unappealable interlocutory order. *See V.I.P. Royal Palace*, 2020 WL 3579563, at \*6. And without affirmative statutory authority to hear an interlocutory appeal, this Court lacks jurisdiction. *See id.* Because we hold that the trial court's summary-judgment orders do not constitute a final judgment and are not appealable, we lack jurisdiction over the appeal. *See id.*; *see also Bonsmara Nat. Beef Co., LLC v. Hart of Tex. Cattle Feeders, LLC*, 603 S.W.3d 385, 387 (Tex. 2020) ("[O]ur rule has long been that a party against whom an interlocutory [order] has been rendered will have his right of appeal when . . . the same is merged in a final judgment disposing of the whole case." (second and third alterations in original) (quotations omitted)).

Accordingly, we grant Thomas's motion to dismiss and dismiss the appeal for lack of jurisdiction. *See* TEX. R. APP. P. 42.3(a), 43.2(f). We dismiss any other pending motions as moot.

**PER CURIAM**

Panel consists of Chief Justice Radack and Justices Countiss and Farris.