**Opinion issued March 21, 2023**



In The

# Court of Appeals

For The

# First District of Texas

———————————

**NO. 01-22-00370-CV**

———————————

**RAINER VON FALKENHORST, III, Appellant**

**V.**

**METROPOLITAN ESCROW & TITLE, LLC, ERICA J. THOMAS, AND MICHAEL L. FUQUA, Appellees**

On Appeal from the 269th District Court
Harris County, Texas
Trial Court Case No. 2021-18661

## MEMORANDUM OPINION

On May 6, 2022, appellant, Rainer von Falkenhorst, III, filed a notice of appeal from the trial court's April 26, 2022 interlocutory order granting summary judgment in favor of appellee, Metropolitan Escrow & Title, LLC ("Metropolitan Escrow"). On August 5, 2022, appellant filed a notice of appeal from the trial court's

August 5, 2022 "Order Expunging Lis Pendens on Memorial Drive Condominium." And on September 6, 2022, appellant filed a notice of appeal from the trial court's August 29, 2022 interlocutory order granting summary judgment in favor of appellee, Michael L. Fuqua.

We dismiss for lack of jurisdiction.

In his fifth amended petition, appellant brought claims against Metropolitan Escrow and Fuqua as well as appellee, Erica J. Thomas, and others. Subsequently, Metropolitan Escrow and Fuqua each moved for summary judgment on appellant's claims against them, as alleged in his fifth amended petition, asserting that they were entitled to judgment as a matter of law.[1] On April 26, 2022, the trial court granted Metropolitan Escrow summary judgment on appellant's claims against it. On August 29, 2022, the trial court granted Fuqua summary judgment on appellant's claims against him.

Further, on June 29, 2022, Thomas filed a motion to expunge lis pendens, which the trial court granted on August 5, 2022.

"[C]ourts always have jurisdiction to determine their own jurisdiction." *Heckman v. Williamson Cnty.*, 369 S.W.3d 137, 146 n.14 (Tex. 2012) (internal quotations omitted); *see also Royal Indep. Sch. Dist. v. Ragsdale*, 273 S.W.3d 759,

---

[1] Metropolitan Escrow and Fuqua each filed their own motion for summary judgment in the trial court.

2

763 (Tex. App.—Houston [14th Dist.] 2008, no pet.) (jurisdiction fundamental in nature and cannot be ignored). Whether we have jurisdiction is a question of law, which we review de novo. *See Tex. A & M Univ. Sys. v. Koseoglu*, 233 S.W.3d 835, 840 (Tex. 2007). If this case is an appeal over which we have no jurisdiction, the appeal must be dismissed. *V.I.P. Royal Palace, LLC v. Hobby Event Ctr. LLC*, No. 01-18-00621-CV, 2020 WL 3579563, at *2 (Tex. App.—Houston [1st Dist.] July 2, 2020, no pet.) (mem. op.); *Ragsdale*, 273 S.W.3d at 763.

Generally, this Court has jurisdiction only over appeals from final judgments and specific interlocutory orders that the Legislature has designated as appealable orders. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.012; *CMH Homes v. Perez*, 340 S.W.3d 444, 447–48 (Tex. 2011); *see also* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a) (authorizing appeals from certain interlocutory orders). A judgment issued without a conventional trial is final for appeal only if it: (1) actually disposes of all claims and parties then before the court, regardless of its language or (2) states with "unmistakable clarity" that it is a final judgment as to all claims and all parties. *Lehmann v. Har–Con Corp.*, 39 S.W.3d 191, 192–93, 200, 204 (Tex. 2001).

Here, neither the trial court's April 26, 2022 interlocutory order nor the trial court's August 29, 2022 interlocutory order actually dispose of all claims against all parties. *See V.I.P. Royal Palace*, 2020 WL 3579563, at *4 ("Because the trial court's . . . order does not actually dispose of all claims and all parties, it is

3

interlocutory and not final . . . .").  The trial court's April 26, 2022 interlocutory order only granted summary judgment on appellant's claims against Metropolitan Escrow, and the trial court's August 29, 2022 interlocutory order only granted summary judgment on appellant's claims against Fuqua.

Additionally, the trial court's April 26, 2022 and August 29, 2022 interlocutory orders do not contain finality language that could turn an otherwise interlocutory order into a final judgment.  *See id.* at \*4–6.  An order that does not actually dispose of all claims and all parties and does not state with unmistakable clarity that it is a final judgment as to all claims and all parties must be classified for purposes of appeal as an unappealable interlocutory order.  *See id.* at \*6.

As to the trial court's August 5, 2022 "Order Expunging Lis Pendens on Memorial Drive Condominium," we note that "there is no statutory authority for an appeal of an interlocutory order expunging notices of lis pendens," and we have no jurisdiction to review a complaint about such an interlocutory order. *Margetis v. Bayview Loan Servicing, LLC*, 553 S.W.3d 643, 644–45 (Tex. App.—Waco 2018, no pet.); *see also Smith v. Schwartz*, No. 02-15-00146-CV, 2015 WL 3645862, at \*1 (Tex. App.—Fort Worth June 11, 2015, no pet.) (mem. op.) ("[W]e find no statutory authority for an appeal of an interlocutory order expunging notices of lis pendens."); *Casmir v. Frontera Energy, LLC*, No. 14-12-00023-CV, 2012 WL 8015783, at \*1

(Tex. App.—Houston [14th Dist.] Feb. 16, 2012, no pet.) (mem. op.) (dismissing appeal from order expunging lis pendens).

On July 28, 2022, August 18, 2022, and January 19, 2023, this Clerk of this Court notified appellant that we lacked jurisdiction over his appeal and directed appellant that, unless a response was provided within ten days, in writing, demonstrating that this Court has jurisdiction over the appeal, the appeal would be dismissed for lack of jurisdiction. *See* TEX. R. APP. P. 42.3(a), 43.2(f). Appellant did not adequately respond.

Accordingly, we dismiss the appeal for lack of jurisdiction and for appellant's failure to comply with a notice from the Clerk of this Court requiring a response. *See* TEX. R. APP. P. 42.3(a), (c), 43.2(f). All pending motions are dismissed as moot.

**PER CURIAM**

Panel consists of Justices Landau, Countiss, and Guerra.