Opinion issued November 14, 2023



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-23-00580-CV

————————————

**SHUNYI WANG AND A PLUS WIRE MESH COMPANY, Appellants**

**V.**

**PENG ZHANG, Appellee**

---

**On Appeal from the 129th District Court**
**Harris County, Texas**
**Trial Court Case No. 2020-43168**

---

## MEMORANDUM OPINION

Appellants, Shunyi Wang and A Plus Wire Mesh Company (collectively, "appellants"), have filed a notice of appeal from the trial court's July 10, 2023 interlocutory order granting summary judgment in favor of appellee, Peng Zhang.

We dismiss for lack of jurisdiction.

In their first amended petition, appellants brought claims against Zhang and others for conversion, conspiracy, tortious interference with an existing contract, and negligence. Zhang answered, generally denying the allegations in appellants' petition. Zhang also brought counterclaims against appellants for assault, invasion of privacy, conversion, breach of contract, and unjust enrichment.

Zhang then moved for summary judgment on appellants' claims against him for conversion, conspiracy, tortious interference with an existing contract, and negligence, asserting that no evidence supported appellants' claims.

On July 10, 2023, the trial court granted Zhang summary judgment on appellants' claims against him, ordering that appellants take nothing on their claims against Zhang and dismissing appellants' claims against Zhang with prejudice.

"[C]ourts always have jurisdiction to determine their own jurisdiction." *Heckman v. Williamson Cnty.*, 369 S.W.3d 137, 146 n.14 (Tex. 2012) (internal quotations omitted); *see also Royal Indep. Sch. Dist. v. Ragsdale*, 273 S.W.3d 759, 763 (Tex. App.—Houston [14th Dist.] 2008, no pet.) (jurisdiction fundamental in nature and cannot be ignored). If this case is an appeal over which we have no jurisdiction, the appeal must be dismissed. *V.I.P. Royal Palace, LLC v. Hobby Event Ctr. LLC*, No. 01-18-00621-CV, 2020 WL 3579563, at *2 (Tex. App.—Houston [1st Dist.] July 2, 2020, no pet.) (mem. op.); *Ragsdale*, 273 S.W.3d at 763.

Generally, this Court has jurisdiction only over appeals from final judgments and specific interlocutory orders that the Texas Legislature has designated as appealable orders. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.012; *CMH Homes v. Perez*, 340 S.W.3d 444, 447–48 (Tex. 2011); *see also* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014 (authorizing appeals from certain interlocutory orders). A judgment issued without a conventional trial is final for appeal only if it: (1) actually disposes of all claims and parties then before the court, regardless of its language or (2) states with "unmistakable clarity" that it is a final judgment as to all claims and all parties. *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 192–93, 200, 204 (Tex. 2001).

Here, the trial court's July 10, 2023 summary-judgment order does not actually dispose of all claims against all parties. The trial court's order only granted summary judgment on appellants' claims against Zhang and only dismissed appellants' claims against Zhang with prejudice. At the very least, Zhang's counterclaims against appellants remain pending in the trial court.

Additionally, the trial court's July 10, 2023 summary-judgment order does not contain finality language that could turn an otherwise interlocutory order into a final judgment. *See In re Elizondo*, 544 S.W.3d 824, 828–29 (Tex. 2018). The order does not claim to be anything other than an interlocutory-summary-judgment order resolving only appellants' claims against Zhang. *See Banda v. Herba Ricemills,*

3

*S.L.V.*, No. 01-19-00802-CV, 2020 WL 5552461, at \*2 (Tex. App.—Houston [1st Dist.] Sept. 17, 2020, no pet.) (mem. op.).

On October 19, 2023, the Clerk of this Court notified appellants that we lacked jurisdiction over their appeal and directed appellants that, unless a response was provided within ten days, in writing, demonstrating that this Court has jurisdiction over the appeal, the appeal would be dismissed for lack of jurisdiction. *See* TEX. R. APP. P. 42.3(a), 43.2(f). Appellants did not adequately respond.

Accordingly, we dismiss the appeal for lack of jurisdiction. *See* TEX. R. APP. P. 42.3(a), 43.2(f). All pending motions are dismissed as moot.

**PER CURIAM**

Panel consists of Chief Justice Adams and Justices Hightower and Countiss.