**Opinion issued August 29, 2024**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-24-00009-CV

————————————

**CHARLES BOLTON, Appellant**

**V.**

**3121 BREWSTER, LLC, Appellee**

---

**On Appeal from the 11th District Court**
**Harris County, Texas**
**Trial Court Case No. 2023-30541**

---

## MEMORANDUM OPINION

Appellant Charles Bolton filed a notice of appeal from the trial court's December 4, 2023 "Order Granting Partial Summary Judgment" in favor of appellee 3121 Brewster, LLC. We dismiss the appeal for lack of jurisdiction.

This Court generally has jurisdiction only over appeals from final judgments and specific interlocutory orders that the Legislature has designated as appealable orders. *See CMH Homes v. Perez*, 340 S.W.3d 444, 447–48 (Tex. 2011); *see also* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014. A judgment is final for purposes of appeal if it either (1) actually disposes of all claims and parties then before the court, regardless of its language or (2) states with "unmistakable clarity" that it is intended as a final judgment as to all claims and all parties. *See Farm Bureau Cnty. Mut. Ins. Co. v. Rogers*, 455 S.W.3d 161, 163 (Tex. 2015).

The trial court's December 4, 2023 order expressly stated that the relief granted was a "partial summary judgment," and did not state that it was a final, appealable order disposing of all claims and all parties. *See McNally v. Guevara*, 52 S.W.3d 191, 205 (Tex. 2001) (concluding there is no presumption that order granting summary judgment addresses all outstanding causes of action or disposes of all parties). Further, the trial court's December 4, 2023 order specifically identified an outstanding issue, appellee's request for the recovery of attorney's fees, and expressly requested that appellee "submit evidence" regarding attorney's fees "for consideration and ruling by" the trial court. Because the trial court's order does not dispose of appellee's pending claim for recovery of attorney's fees, it is not a final judgment. *See Zurich Am. Ins. Co. v. Debose*, No. 01-08-00717-CV, 2009 WL 793851, at *1–2 (Tex. App.—Houston [1st Dist.] Mar. 26, 2009, pet. denied) (mem.

op.) (dismissing appeal for lack of jurisdiction where trial court granted summary judgment but had not ruled on pending motion for attorney's fees).

Further, an interlocutory order granting a motion for summary judgment of some, but not all claims and parties in a lawsuit, has not been specifically designated by the Legislature as an appealable interlocutory order. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014. Accordingly, we conclude that the trial court's December 4, 2023 order is not a final, appealable order nor is appellant entitled to an interlocutory appeal from the order.

On July 30, 2024, the Clerk of the Court notified appellant that it appeared that we lacked jurisdiction over his appeal and directed appellant to file a written response demonstrating that this Court had jurisdiction over the appeal.[1] Appellant was further notified that the failure to respond to the notice within ten days would result in dismissal of the appeal. *See* TEX. R. APP. P. 42.3(a), (c), 43.2(f). Despite the Court's notice that the appeal was subject to dismissal, appellant did not adequately respond.

---

[1] "[C]ourts always have jurisdiction to determine their own jurisdiction." *Heckman v. Williamson Cnty.*, 369 S.W.3d 137, 146 n.14 (Tex. 2012) (internal quotations omitted); *see also Royal Indep. Sch. Dist. v. Ragsdale*, 273 S.W.3d 759, 763 (Tex. App.—Houston [14th Dist.] 2008, no pet.) (jurisdiction fundamental in nature and cannot be ignored). If this case is an appeal over which we have no jurisdiction, the appeal must be dismissed. *See V.I.P. Royal Palace, LLC v. Hobby Event Ctr. LLC*, No. 01-18-00621-CV, 2020 WL 3579563, at *2 (Tex. App.—Houston [1st Dist.] July 2, 2020, no pet.) (mem. op.); *see also Ragsdale*, 273 S.W.3d at 763.

We therefore dismiss the appeal for lack of jurisdiction.  *See* TEX. R. APP. P.
42.3(a), (c), 43.2(f).  All pending motions are dismissed as moot.

**PER CURIAM**

Panel consists of Justices Goodman, Guerra, and Farris.