**Opinion issued December 19, 2024**



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-24-00523-CV

_____

**JEREMY DAVID OLUMA, Appellant**

**V.**

**MAITE OLUMA, Appellee**

---

**On Appeal from County Court at Law No. 2**
**Fort Bend County, Texas**
**Trial Court Case No. 24-CCV-074846**

---

## MEMORANDUM OPINION

Appellant Jeremy David Oluma, proceeding pro se, filed a notice of appeal from the trial court's July 3, 2024 order sustaining Appellee Maite Oluma's contest against Appellant's statement of indigency status.

We dismiss the appeal for lack of jurisdiction.

"[C]ourts always have jurisdiction to determine their own jurisdiction." *Heckman v. Williamson Cty.*, 369 S.W.3d 137, 146 n.14 (Tex. 2012) (internal quotation marks omitted); *see also Royal Indep. Sch. Dist. v. Ragsdale*, 273 S.W.3d 759, 763 (Tex. App.—Houston [14th Dist.] 2008, no pet.) (jurisdiction fundamental in nature and cannot be ignored). Whether we have jurisdiction is a question of law, which we review de novo. *See Tex. A & M Univ. Sys. v. Koseoglu*, 233 S.W.3d 835, 840 (Tex. 2007). If this case is an appeal over which we have no jurisdiction, the appeal must be dismissed. *Ragsdale*, 273 S.W.3d at 763.

Generally, appeals may be taken only from final judgments. *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). An appellate court has jurisdiction to consider an appeal from an interlocutory order only if a statute explicitly authorizes an interlocutory appeal. *CMH Homes v. Perez*, 340 S.W.3d 444, 447–48 (Tex. 2011); *Lehman*, 39 S.W.3d at 195; *see, e.g.*, TEX. CIV. PRAC. & REM. CODE ANN. § 51.014 (authorizing appeals from certain interlocutory orders). "The trial court's order denying indigency status is not a final judgment, nor is there any statute or rule authorizing an appeal from such an order." *Covington v. State*, No. 03-24-00520-CV, 2024 WL 4643932, at *1 (Tex. App.—Austin [3rd Dist.] Oct. 31, 2024, no pet.) (mem. op.) (citing *In re K.J.M.*, No. 2-08-038-CV, 2008 WL 703960, at *1 (Tex. App.—Fort Worth Mar. 13, 2008, no pet.) (mem. op.) (dismissing for want of jurisdiction party's attempted appeal of trial court's order sustaining contest to her

2

claim of indigence and noting by contrast that trial court's indigency ruling within context of already pending appeal is appealable pursuant to *In re Arroyo*, 988 S.W.2d 737, 738-39 (Tex. 1998) (orig. proceeding))).

On October 3, 2024, the Clerk of this Court advised Appellant that his appeal was subject to dismissal for lack of jurisdiction unless, within ten days of the date of the notice, he filed a written response demonstrating that this Court has jurisdiction over his appeal. *See* TEX. R. APP. P. 42.3(a). Appellant did not respond.

We dismiss the appeal for lack of jurisdiction. *See* TEX. R. APP. P. 42.3(a), 43.2(f). We dismiss any pending motions as moot.

**PER CURIAM**

Panel consists of Chief Justice Adams and Justices Rivas-Molloy and Gunn.