**Opinion issued July 3, 2025**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-24-00132-CV

————————————

## DEBRA JENNINGS AND LORIN ROBERTS, Appellants

## V.

## PRIDE HOUSTON, INC., PRIDE COMMITTEE OF HOUSTON, INC., AND THASIA MADISON, IN HER CAPACITY AS PRESIDENT OF PRIDE HOUSTON, INC., Appellees

---

### On Appeal from the 189th District Court
### Harris County, Texas
### Trial Court Case No. 2021-40041

---

## MEMORANDUM OPINION

Appellant Debra Jennings, who is an attorney and represented appellant Loren Roberts in the trial court, filed a notice of appeal on February 13, 2024 that did not reference any of the orders or judgments on the merits, but challenged the denial of

her motion for reconsideration of the alleged December 18, 2023 denial as a matter of law of her motion to withdraw. On June 19, 2024, Jennings subsequently filed a motion to dismiss this notice of appeal, asserting she was not a party to the suit. Roberts, represented by different appellate counsel, filed a subsequent notice of appeal, in which she challenged certain orders and judgments, but also questioned whether any of the judgments were final and whether her notice of appeal was due. We agree that none of the trial court's orders or judgments constitute final, appealable judgments and thus, we dismiss the appeal.

Generally, appeals may be taken only from final judgments. *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). An order does not dispose of all parties and claims merely because it is labeled "final" or the word "final" appears elsewhere in the order. *See id.* at 205. If an order does not dispose of all parties and claims, the order is interlocutory and unappealable unless the interlocutory order is made appealable by statute. *See CMH Homes v. Perez*, 340 S.W.3d 444, 447–48 (Tex. 2011); *Jack B. Anglin Co., Inc. v. Tipps*, 842 S.W.2d 266, 272 (Tex. 1992). The inclusion of a Mother Hubbard clause, stating "all relief not granted is denied," does not indicate that a judgment is final for purpose of appeal. *See Lehmann*, 39 S.W.3d at 203–04. *Lehmann* held that inclusion of certain language reflecting a clear and unequivocal intent to issue a final judgment could make the judgment final and appealable. *See id.* at 206. Language such as "This judgment finally disposes

2

of all parties and all claims and is appealable," would leave no doubt that the trial court intended to enter a final judgment and would make the judgment final for purpose of appeal even if it did not dispose of all parties and claims. *Id.*

Plaintiffs Pride Houston, Inc, Pride Committee of Houston, Inc., and Thasia Madison, in her capacity as President of Pride Houston, Inc., filed suit against Loren Roberts for breach of fiduciary duty, breach of contract and non-compete/non-solicitation, fraud, conversion, trade secrets misappropriation, theft liability act–embezzlement, tortious interference, and sought a temporary restraining order and temporary and permanent injunctive relief. Subsequent amended petitions added two more defendants and additional claims. The first amended petition added Roberts as a defendant in both her individual capacity and as past President and former Director of Pride Houston, Inc. The second amended petition added two more defendants, Dustin Sheffield and Jacob Siegel, and stated which claims applied

to which defendants.[1]  The third amended petition changed which claims applied to one or more defendants.[2]

In all of the original and amended petitions, the plaintiffs identified themselves as "Plaintiff" or "Pride" or "Pride Houston," or "Organization."  The clerk's record does not contain the motions for summary judgment and therefore, the Court is unable to determine if one or all plaintiffs sought summary judgment. However, the trial court's orders all refer to one plaintiff—Pride Houston, Inc.—as the movant for summary judgment.

On November 14, 2023, the trial court signed an order granting plaintiff Pride Houston, Inc.'s traditional and no-evidence motion for summary judgment on the causes of action for breach of fiduciary duty, embezzlement/theft, fraud, fraud in the inducement, and breach of contract.  This partial judgment against Roberts awarded actual damages to Pride Houston, Inc. of $300,000 and $900,000 in punitive

---

[1]  The second amended petition stated that the breach of fiduciary duty claim applied to all three defendants, breach of contract/non-compete/non-solicitation applied only to Roberts, the claims of fraud and conversion applied to all three defendants, the claims of trade secret misappropriation applied only to Roberts, theft and embezzlement applied to all three defendants, tortious interference applied to Roberts only, and fraud inducement, civil conspiracy, and negligent misrepresentation applied to all defendants.

[2]  The third amended petition revised the claims set out in the second amended petition and stated that the conversion claim applied to Roberts and Sheffield, the theft liability/embezzlement claim applied only to Roberts, and the claims of civil conspiracy applied to Roberts and Sheffield.

damages. This judgment contained a Mother Hubbard clause but no *Lehmann* finality language. This order does not dispose of all parties and claims as it does not mention the two other defendants, Sheffield and Siegel, or the other claims by plaintiffs against Roberts. Moreover, the order only states that it grants judgment to one plaintiff—Pride Houston, Inc.—and thus, the order does not purport to dispose of the other plaintiffs' causes of action against Roberts.

Plaintiff Pride Houston, Inc. then filed a motion to modify this summary judgment order and on December 4, 2023 the trial court did so. This order is included in the record as an attachment (Exhibit B) to Roberts' motion for new trial. This order states in bold that it is an interlocutory judgment.

On January 16, 2024, Pride Houston, Inc. filed two notices of nonsuit, one as to defendant Dustin Sheffield and the other as to certain claims against Roberts. On January 18, 2024, the trial court signed an order granting the nonsuit of Dustin Sheffield and dismissed Sheffield from the case. On January 30, 2024, the trial court signed an order granting Pride Houston, Inc.'s nonsuit and dismissing the following claims brought by Pride Houston, Inc. against Roberts: breach of non-compete/non-solicitation agreement, conversion, misappropriation of trade secrets, tortious interference, civil conspiracy, and negligent misrepresentation. Although these two orders purport to dispose of defendant Sheffield and of Pride Houston, Inc.'s remaining claims against Roberts, defendant Siegel remained in the case. And

5

because the nonsuits were only sought by one plaintiff, Pride Houston, Inc., the nonsuit orders do not nonsuit the other plaintiffs' claims against Sheffield or the pending claims against Roberts.

On January 30, 2024, the trial court signed an order granting the motion for entry of judgment filed by all three plaintiffs on the summary judgment order signed December 4, 2023, which disposed of the following claims against Roberts: breach of fiduciary duty, embezzlement/theft, fraud, fraud inducement, and breach of contract. Even though the motion for final judgment was filed by all three plaintiffs, the order signed January 30, 2024 states that it granted the motion for entry of final judgment filed by Pride Houston, Inc. This order states in bold at the bottom that it is a final judgment. It contains a Mother Hubbard clause, but no *Lehmann* finality language. Moreover, it does not dispose of all parties and claims in that Siegel remained a defendant and certain claims against both Siegel, Sheffield, and Roberts remained pending because it granted judgment to only one of the three plaintiffs.

On February 5, 2024, all plaintiffs filed another motion for entry of final judgment on the summary judgment entered on December 4, 2023. On February 27, 2024, the trial court signed a "Final Judgment Granting Plaintiff's Traditional and No-Evidence Motion for Partial Summary Judgment" on plaintiffs' claims against Roberts for breach of fiduciary duty, embezzlement, theft, fraud, fraud inducement and breach of contract. This judgment, attempting to finalize the December 4, 2023

6

interlocutory judgment, states in bold near the trial judge's signature that this is a final judgment but, as with the prior judgments, it is not final. This judgment contained a Mother Hubbard clause, no *Lehmann* finality language, and it did not dispose of all parties and claims. It did not address the plaintiffs' claims against defendant Siegel and it was based on a prior summary judgment order that granted judgment in favor of only one plaintiff—Pride Houston, Inc. Thus, the language of this order indicates that the claims of the other two plaintiffs against Roberts remain pending.

Additionally, the ruling appellant Jennings sought to appeal was the February 6, 2024 order denying her motion to reconsider denial of her motion to withdraw, which is not a final, appealable order. This ruling is not independently appealable from the final judgment in the case. *See, e.g.*, *S. Cent. Houston Action v. Stewart*, No. 14-15-00088-CV, 2015 WL 1508699, at *1 (Tex. App.—Houston [14th Dist.] Mar. 31, 2015, no pet.) (dismissing appeal from interlocutory order denying motion to reconsider denial of motion to dismiss). Because no final, appealable judgment has been rendered in this case, the ruling Jennings seeks to challenge on appeal is interlocutory and we lack jurisdiction to consider it. *See id.*

This Court abated the appeal by order of August 13, 2024 in which the Court set out the issues concerning the trial court's orders and stated that it was remanding the case to permit the trial court to enter a final judgment, but no response or

7

supplemental clerk's record was filed. Accordingly, we lifted the abatement and reinstated the appeal on the active docket on May 15, 2025.

In the order reinstating the appeal, the Court also requested responses concerning whether there was a final judgment, noting that the Court might dismiss the appeal for lack of jurisdiction. A response was filed on May 23, 2025 from appellant Roberts who stated that she did not oppose dismissal and intended to pursue the case in the trial court. No other responses were received.

Because we conclude that the trial court has not rendered a final, appealable judgment in this case and no statute authorizes appeal of these interlocutory summary judgment orders, we lack jurisdiction over this appeal. *See Royal Indep. Sch. Dist. v. Ragsdale*, 273 S.W.3d 759, 763 (Tex. App.—Houston [14th Dist.] 2008, no pet.). When we lack jurisdiction, our "only legitimate choice is to dismiss." *State v. Morales*, 869 S.W.2d 941, 949 (Tex. 1994).

We dismiss the appeal. *See* TEX. R. APP. P. 42.3(a), 43.2(f). Any pending motions are dismissed as moot.

## PER CURIAM

Panel consists of Justices Rivas-Molloy, Guiney, and Morgan.