**Opinion issued August 21, 2025**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-24-00868-CV

———————————

**KEITH BLUM, Appellant**

**V.**

**KEVIN SOMMER, Appellee**

---

**On Appeal from the 269th District Court**
**Harris County, Texas**
**Trial Court Case No. 2023-83850**

---

## MEMORANDUM OPINION

Appellant, Keith Blum, proceeding pro se, filed a notice of appeal from the trial court's October 22, 2024 order granting the motion for summary judgment of appellee, Kevin Sommer.

We dismiss the appeal for lack of jurisdiction.

This Court generally has jurisdiction only over appeals from final judgments and specific interlocutory orders that the Texas Legislature has designated as appealable. *See CMH Homes v. Perez*, 340 S.W.3d 444, 447–48 (Tex. 2011); *see also* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014. The trial court's October 22, 2024 order granting summary judgment expressly states that it is a "partial summary judgment dispos[ing] of all pending motions," but that it "is interlocutory and not appealable." Further, in his notice of appeal, appellant noted that the order appealed is a "partial judgment."

An interlocutory order granting a motion for summary judgment of some, but not all, claims and parties in a lawsuit has not been specifically designated as an appealable interlocutory order. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014; *see also Gaitan v. Ventura*, No. 01-22-00598-CV, 2022 WL 16556820, at *1–2 (Tex. App.—Houston [1st Dist.] Nov. 1, 2022, no pet.) (mem. op.) (dismissing appeal of partial-summary-judgment order where "order [did] not claim to be anything other than a partial-summary-judgment order resolving only" some claims against some parties). Accordingly, we can exercise jurisdiction only if the trial court's October 22, 2025 order constitutes a final judgment. *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 192–93 (Tex. 2001). A judgment is final for purposes of appeal if it either (1) actually disposes of all claims and parties then before the court, regardless of its language, or (2) states with "unmistakable clarity" that it is intended as a final

judgment as to all claims and all parties. *See Farm Bureau Cnty. Mut. Ins. Co. v. Rogers*, 455 S.W.3d 161, 163 (Tex. 2015).

On April 1, 2025, the Court notified appellant that that we may lack jurisdiction over the appeal and told appellant that, unless a response was provided, in writing, demonstrating that this Court had jurisdiction over the appeal, the Court would dismiss the appeal for lack of jurisdiction.[1] *See* TEX. R. APP. P. 42.3(a), 43.2(f). Appellant has not responded to the Court's April 1, 2025 order or established our jurisdiction over the appeal. Where, as here, the trial court has expressly stated in its order that the order is "interlocutory and not appealable," we conclude that the trial court's October 22, 2024 order is not "final" for the purposes of appeal.

Accordingly, we conclude that we lack jurisdiction. We therefore dismiss the appeal for lack of jurisdiction. *See* TEX. R. APP. P. 42.3(a), 43.2(f). All pending motions are dismissed as moot.

**PER CURIAM**

Panel consists of Justices Guerra, Gunn, and Dokupil.

---

[1] "[C]ourts always have jurisdiction to determine their own jurisdiction." *Heckman v. Williamson Cnty.*, 369 S.W.3d 137, 146 n.14 (Tex. 2012) (internal quotations omitted); *see also Royal Indep. Sch. Dist. v. Ragsdale*, 273 S.W.3d 759, 763 (Tex. App.—Houston [14th Dist.] 2008, no pet.) (jurisdiction fundamental in nature and cannot be ignored). If this case is an appeal over which we have no jurisdiction, the appeal must be dismissed. *See V.I.P. Royal Palace, LLC v. Hobby Event Ctr. LLC*, No. 01-18-00621-CV, 2020 WL 3579563, at *2 (Tex. App.—Houston [1st Dist.] July 2, 2020, no pet.) (mem. op.); *see also Ragsdale*, 273 S.W.3d at 763.