**Opinion issued May 28, 2026**



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-25-00476-CV

_____

**PERCIVAL DYER, Appellant**

**V.**

**FARAH LAW FIRM, CLAUDIA FERNANDA JUAREZ GONZALEZ, WESTERN SURETY COMPANY, SURETY BOND, AND NANCY HAMREN, Appellees**

---

**On Appeal from the 157th District Court**
**Harris County, Texas**
**Trial Court Case No. 2022-43320**

---

### MEMORANDUM OPINION

Appellant, Percival Dyer, proceeding pro se, has filed a notice of appeal from the trial court's April 28, 2025 order denying her motion for reconsideration.

We dismiss for lack of jurisdiction.

An order denying a motion for reconsideration is not independently appealable. *See Joseph v. Altman Specialty Plants, LLC*, No. 14-24-00532-CV, 2024 WL 4234272, at *1 (Tex. App.—Houston [14th Dist.] Sept. 19, 2024, no pet.) (mem. op.); *Digges v. Knowledge Alliance, Inc.*, 176 S.W.3d 463, 464 (Tex. App.—Houston [1st Dist.] 2004, no pet.). In her notice of appeal, appellant specified that she sought to appeal the trial court's April 28, 2025 order, which denied appellant's motion for reconsideration of her previously filed motion for reinstatement.[1] This is not an appealable order.[2] *See Avni v. Harris Cnty.*, No. 01-18-00998-CV, 2019 WL 3720625, at *1 (Tex. App.—Houston [1st Dist.] Aug. 8, 2019, no pet.) (mem. op.) (trial court's order denying appellant's motion to reconsider or set aside did not constitute appealable order).

"[C]ourts always have jurisdiction to determine their own jurisdiction." *Heckman v. Williamson Cnty.*, 369 S.W.3d 137, 146 n.14 (Tex. 2012) (internal

---

[1] The trial court dismissed appellant's case on August 27, 2024. Appellant filed a motion for reinstatement on December 26, 2024, which the trial court denied. On February 18, 2025, appellant filed a motion for reconsideration of her motion for reinstatement. It is the trial court's denial of that motion for reconsideration that appellant now seeks to appeal.

[2] Even if the trial court's April 28, 2025 order denying appellant's motion for reconsideration was an appealable order, appellant's notice of appeal, filed on June 24, 2025, was not timely filed as to that order. *See* TEX. R. APP. P. 26.1 (generally requiring notice of appeal to be filed within thirty days after judgment is signed); *Santiago v. Bank of New York Mellon*, No. 05-15-00342-CV, 2015 WL 2375400, at *1 (Tex. App.—Dallas May 18, 2015, no pet.) (mem. op.) (request for findings of fact and conclusions of law did not extent time to file notice of appeal where appellants made request following trial court's order on post-judgment motion).

quotations omitted); *see also Royal Indep. Sch. Dist. v. Ragsdale*, 273 S.W.3d 759, 763 (Tex. App.—Houston [14th Dist.] 2008, no pet.) (jurisdiction fundamental in nature and cannot be ignored). If this case is an appeal over which the Court has no jurisdiction, the appeal must be dismissed. *V.I.P. Royal Palace, LLC v. Hobby Event Ctr. LLC*, No. 01-18-00621-CV, 2020 WL 3579563, at *2 (Tex. App.—Houston [1st Dist.] July 2, 2020, no pet.) (mem. op.); *Ragsdale*, 273 S.W.3d at 763.

On April 9, 2026, the Clerk of this Court notified appellant that the Court lacked jurisdiction over her appeal and directed appellant that, unless a response was provided within fourteen days, in writing, demonstrating that this Court had jurisdiction over the appeal, the appeal would be dismissed for lack of jurisdiction. *See* TEX. R. APP. P. 42.3(a), 43.2(f). Appellant did not adequately respond.[3]

Accordingly, we dismiss the appeal for lack of jurisdiction. *See* TEX. R. APP. P. 42.3(a), 43.2(f). All pending motions are dismissed as moot.

**PER CURIAM**

Panel consists of Chief Justice Adams and Justices Guerra and Guiney.

---

[3] In response to the Clerk's notice, appellant filed a motion to abate and an amended motion to abate. Nothing in her motions indicates that this Court has jurisdiction over her appeal or that abatement of appellant's appeal would correct the jurisdictional issue. Appellant's motions are denied.